811 So.2d 960 (2002)
STATE of Louisiana
v.
Jeffery Mark HOLMES.
No. 2001 KA 0956.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Metairie, Counsel for Appellee State of Louisiana.
Margaret Smith Sollars, Thibodaux, Counsel for Defendant/Appellant Jeffrey M. Holmes.
Before: GONZALES, KUHN, and CIACCIO[1], JJ.
KUHN, J.
Defendant, Jeffery Mark Holmes, was charged with four counts of distribution of cocaine, a Schedule II controlled dangerous substance, in a drug free zone in violation of La. R.S. 40:981.3 and 40:967A(1). Defendant was also charged with one count of distribution of marijuana, a Schedule I controlled dangerous substance, in a drug free zone in violation of La. R.S. 40:981.3 and 40:966A(1). He initially pled not guilty to all counts and filed *961 a motion to quash the bill of information. After a hearing, the trial judge denied the motion to quash. Thereafter, defendant withdrew his not guilty pleas and pled guilty to each count, reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[2] After a Boykin examination, the trial court accepted defendant's pleas. The trial court sentenced defendant on each count to fifteen years at hard labor, without benefit of parole, and ordered that the sentences run concurrent.
Because there was no trial, the record does not provide factual information about the offenses. At the time of the pleas, however, the prosecutor and defense attorney stipulated that a factual basis existed for the charges and the trial court accepted the stipulations. The bill of information indicates that the offenses took place in Tammany Trace, a recreational park in St. Tammany Parish.
In his sole assignment of error, defendant contends that the statute under which he was charged, La. R.S. 40:981.3, was unconstitutionally vague "as written" and "as applied." Specifically, he contends that Tammany Trace is a recreational park rather than property used for school purposes and, thus, does not fall within the areas addressed by and defined in the statute. He further argues that the legislature did not intend to include government-owned recreational areas that are not part of school property and are not specifically addressed in a separate subsection of the statute as are drug treatment, religious, and public housing authority buildings and facilities.
The State argues that the language of the statute is not vague and that the legislature clearly intended to include parks and recreational areas not "identified with or adjacent to schools." In support of its argument, the State notes that the statute does not limit the definition of school property to school playgrounds; rather, it includes "any building or area owned by the state or a political subdivision that is used as a playground or recreational facility" and "all parks and recreational areas administered by the office of state parks."
In the companion case of State v. Holmes, 2001 KA 0955, 811 So.2d 955, also decided this date, defendant appealed that conviction and sentence and raised the identical issue as raised herein. For the reasons given in State v. Holmes, 2001 KA 0955, we reject defendant's arguments and affirm his convictions and sentences in this appeal.[3]
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant was also charged, in a separate bill of information, with another count of distribution of cocaine in a drug free zone. Defendant pled guilty to that offense at the same time that he pled guilty to the charges in the instant case. The trial court sentenced him to fifteen years at hard labor, without benefit of parole, to run concurrent with the other sentences imposed. In the appeal of that conviction and sentence, defendant raises the identical issue raised herein. See State v. Holmes, 2001 KA 0955, also decided this date.
[3] Herein, as in State v. Holmes, 2000 KA 0955, we note the existence of a patent sentencing error. La. R.S. 40:981.3E(1) requires the imposition of the maximum fine authorized by the applicable provisions of La. R.S. 40:966 through 40:970 for a first conviction of the offense. Herein, the trial court failed to impose the mandatory fine for any of the convictions. On appeal, however, this court cannot correct such an illegally lenient sentences. See State v. Fraser, 484 So.2d 122, 125 (La.1986); State v. Belino, 96-0789, p. 2 n. 3 (La.App. 1st Cir.12/20/96), 686 So.2d 101, 102-103 n. 3, writ denied, 98-2992 (La.6/25/99), 745 So.2d 625.