818 So.2d 795 (2002)
STATE of Louisiana
v.
Alfredo PAOLI.
No. 2001 KA 1733.
Court of Appeal of Louisiana, First Circuit.
April 11, 2002.
Rehearing Denied July 2, 2002.
*796 Walter P. Reed, D.A., Covington, by Dorothy Pendergast, Metairie, Counsel for Appellee State of Louisiana.
Frank Sloan, Covington, Counsel for Defendant/Appellant Alfredo Paoli.
Before: CARTER, C.J., FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, DOWNING, and LANIER[1], JJ.
LANIER, J.
We consider this matter en banc to resolve a conflict within this circuit about the proper treatment of patent sentencing errors. First, we will address the assignments of error urged by the defendant. Thereafter, we will address the patent sentencing errors.
The defendant, Alfredo Paoli, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. He originally pled not guilty; however, he subsequently changed his plea to guilty as charged, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to quash. After a Boykin examination, the trial court accepted the defendant's plea. He was sentenced to ten years at hard labor with two years to be served without benefit of parole, probation, or suspension of sentence. He has appealed, urging two assignments of error. *797 We affirm the conviction but vacate the sentence and remand for re-sentencing with instructions.

FACTS
At the Boykin hearing, the defense counsel stipulated to the factual basis for the plea. According to the bill of information, on September 3, 2000, in St. Tammany Parish, the defendant operated a motor vehicle while under the influence of alcoholic beverages. The defendant had three prior DWI convictions (# 302895, June 29, 2000; # 320374, May 30, 2000; # 315193, May 30, 2000).

MOTION TO QUASH

(Assignment of error number one)
The defendant contends the trial court erred in denying his motion to quash. He argues that on May 30, 2000, he pled guilty to first and second offense DWI; the bill of information for the second offense DWI was not numbered; and it inaccurately reflected that he previously pled guilty to first offense DWI. He contends that the Boykin examination was defective because he was given a single Boykinization for charges on two separate bills of information, but he entered only one plea of guilty. The defendant does not contest the third offense conviction of June 29, 2000.
If a defendant denies a predicate DWI allegation contained in a bill of information, the state must prove the existence of the prior guilty plea and that defendant was represented by counsel at the time or waived counsel. If the state meets this initial burden, the defendant must then produce affirmative evidence showing an infringement of his rights or a procedural irregularity in taking the plea. If the defendant is able to do this, the burden of proving the plea's validity shifts back to the state. See State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding; i.e., the transcript, the minute entry, or both. Everything in the record concerning the predicate and the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court, should be considered in determining whether a knowing and intelligent waiver of rights occurred. State v. Foy, 2000-2521 (La.App. 1 Cir. 6/22/01), 808 So.2d 735, 737; State v. Cadiere, 99-0970, p. 3 (La.App. 1 Cir. 2/18/00), 754 So.2d 294, 297, writ denied, XXXX-XXXX (La.11/13/00), 774 So.2d 971.
For a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial or jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea means and its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The transcript of the May 30, 2000 hearing shows the defendant was represented by counsel at the time he entered his pleas. Thus, under Carlos, the burden shifted to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in taking the pleas. The defendant claims the bill of information of DWI, second offense, inaccurately reflected that he previously pled guilty to first offense DWI. He contends he did not previously plead guilty because both pleas were taken on the same day. He further asserts he was *798 given a single Boykinization for two separate bills of information and, thus, only one guilty plea was entered and it was not addressed to a specific charge.
At the beginning of the May 30, 2000 Boykin hearing, the court granted a motion to quash regarding certain predicate offenses and stated that the defendant was going to enter a plea of guilty to first offense DWI in number 315193. The court further indicated that there was a subsequent charge of a second offense DWI. Defense counsel indicated that the court was correct. The court subsequently inquired about the defendant's age, address, educational background, ability to read and write, and whether he was under the influence of drugs or alcohol. The court then informed the defendant of the nature of the crimes with which he was charged and the possible range of sentences for each level of DWI offense. The court specifically asked the defendant if he understood the definition of the crime, the range of sentences, and that the sentences were significantly enhanced as "you move up the line." The defendant responded in the affirmative. The court then informed the defendant that if he were to be arrested again that the instant convictions could be used against him. The defendant indicated that he understood. The court then adequately Boykinized the defendant and the defendant clearly indicated that he understood the proceedings and the rights he was relinquishing. The court accepted the guilty pleas and then separately sentenced the defendant on DWI first offense and DWI second offense. The facts of the instant crimes were not set forth at the hearing because the defense counsel stipulated to the facts of the crimes.
The defendant was properly advised of his Boykin rights and waived them before pleading guilty. At the beginning of the hearing, the court informed the defendant that he also was being charged with DWI, second offense, and during the hearing, the court set forth the definition for both DWI first offense and second offense. Furthermore, the court informed the defendant of his separate sentence on each crime prior to his entering his plea. The court indicated that the defendant was being charged under two separate bills. The defendant did not specifically say the magic words "I plead guilty" to either charge, but when asked by the court if he wished to "waive all [his] constitutional rights and enter a guilty plea at this time," the defendant responded, "Yes, sir." According to the transcript, the defendant, who was represented by counsel, was fully informed that he was pleading guilty to two separate charges. The defendant's pleas were not invalid for use as predicate convictions simply because the court did not give him a separate Boykin hearing on each charge when they were entered on the same day. There was no contemporaneous objection to the method of proceeding with the charges. La.C.Cr.P. art. 841A. Cf. State v. Worachek, 98-2556, p. 6 (La.App. 1 Cir. 11/5/99), 743 So.2d 1269, 1273.
The defendant finally asserts that the DWI first offense could not be used as a predicate offense for the DWI second offense because both guilty pleas were entered on the same day. La. R.S. 14:98(C)(1) provides that for a conviction of a second offense it does not matter if the second offense occurred before or after the first conviction. Therefore, it is of no consequence when the first offense occurred or when its conviction occurred. The trial court did not err in denying the motion to quash.
This assignment of error is without merit.

ADVICE OF RIGHT TO POST CONVICTION RELIEF

(Assignment of error number two)
The defendant contends the trial court failed to properly advise him of the delays *799 for filing for post-conviction relief. The defendant claims that at the time of sentencing, the trial court mistakenly advised him that he had two years from "this date" to file for post-conviction relief.
La.Code Crim. P. art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for seeking post-conviction relief. However, a failure to do so by the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. See State v. Morgan, 93-2365, p. 5 (La.App. 1 Cir. 12/22/94), 648 So.2d 1063, 1065-1066, writ denied, 95-0207 (La.6/2/95), 654 So.2d 1104.
According to the sentencing transcript, the trial court informed the defendant that he had "two years from this date to file any post-conviction relief request under 930.8." Thus, the trial court failed to properly advise the defendant that the prescriptive period would not commence until his conviction and sentence became final.
This assignment of error has merit.
However, because of patent sentencing error, the defendant's sentence is being vacated and remanded for re-sentencing. Upon re-sentencing, the trial court is directed to give the defendant notice of the proper prescriptive period for applying for post-conviction relief.

PATENT ERROR
La.Code Crim. P. art. 920, entitled "Scope of appellate review", provides that "The following matters and no others shall be considered on appeal: ... (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." (Emphasis added.) La.Code Crim. P. art. 5, entitled "Mandatory and permissive language", provides, in pertinent part, that "The word `shall' is mandatory ...." (Emphasis added.) This language is clear and unambiguous. Its application is not limited to errors favorable or unfavorable to either the state or a criminal defendant. La. Civ.Code art. 9 states the basic rule for the interpretation of laws and provides, in pertinent part, that "When a law is clear and unambiguous ... the law shall be applied as written...."
As mandated by Article 920, a patent error review has been made of the record on appeal and patent sentencing errors have been found.
The defendant was convicted of driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. He subsequently was sentenced to ten years at hard labor with two years to be served without benefit of parole, probation, or suspension of sentence. However, according to the sentencing transcript, the trial court failed to impose the mandatory fine for a conviction of fourth offense DWI and failed to order the defendant to participate in a court-approved substance abuse program and a court-approved driver improvement program. See La. R.S. 14:98(E) (prior to its amendment by 2001 La. Acts, No. 1163, § 2, eff. August 15, 2001). These omissions are patent sentencing errors.
La.Code Crim. P. art. 882(A) provides that "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." (Emphasis added.) This language is clear and unambiguous and this "law shall be applied as written ...." Article 882(A) does not limit its application to sentencing errors favorable or unfavorable to either the state or a criminal defendant. Pursuant to this language, all sentencing errors are subject to correction, unless there is a legal reason not to make the correction. The Official Revision Comment *800 to Article 882 states, in pertinent part: "The first sentence, taken from Fed. Rule 35, states the almost self-evident authority of the court to correct an illegal sentence at any time, for an illegal sentence is, in the contemplation of the law, no sentence at all. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951)." (Emphasis added.)
In State v. Williams, 99-1840 (La.App. 1 Cir. 5/12/00) (unpublished), this court found patent sentencing errors that were not covered by La. R.S. 15:301.1(A), vacated the sentence and remanded the matter to the trial court for re-sentencing. The Louisiana Supreme Court reviewed this case and held that this court "properly noticed the numerous sentencing errors" and affirmed our judgment. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. The court also stated that "... it is nonetheless well established that a defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence." (Emphasis added.) Williams, 800 So.2d at 797. In Williams, XXXX-XXXX at pp. 9-10, 800 So.2d at 798, the court also stated:
It is readily apparent that a significant distinction may be drawn between vindictiveness which, after appeal, increases a defendant's sentencing exposure or increases a legal sentence, and the pro forma correction of an illegal sentence. When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant's constitutional rights. [Citations omitted.] Simply stated, when a court complies with a non-discretionary sentencing requirement, i.e., a mandatory minimum term or special parole provision(s), no due process violation is implicated because neither actual retaliation nor vindictiveness exists.
Thus, Williams represents a clear departure by the Louisiana Supreme Court from the prohibition against an appellate court taking steps to correct an illegally lenient sentence noted as patent sentencing error. See State v. Fraser, 484 So.2d 122 (La. 1986).
The sentencing errors in this case are not provided for in La. R.S. 15:301.1(A), and they pertain to mandatory sentencing requirements. Accordingly, we will take the same action herein as we did in Williams. This same approach was followed by this court in State v. Gordon, 01-0236 (La.App. 1 Cir. 2/15/02), 809 So.2d 549. To the extent that State v. Holmes, 01-0955 (La.App. 1 Cir. 2/15/02), 811 So.2d 955, and State v. Holmes, 01-0956 (La. App. 1 Cir. 2/15/02), 811 So.2d 960, are inconsistent with this opinion, they are overruled.

DECREE
For the foregoing reasons, the conviction is affirmed; the sentence is vacated and this matter is remanded to the trial court for re-sentencing in accordance with the law and views expressed herein. La. Code Crim. P. art. 881.4(A).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART, WITH INSTRUCTIONS.
KUHN, J., concurs.
GUIDRY, J., dissents and assigns reasons.
PETTIGREW, J., dissents for constitutional reasons and for the reasons assigned by GUIDRY, J.
GUIDRY, J., dissenting.
Although State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, arguably casts some doubt upon the reasoning in State v. Fraser, 484 So.2d 122 (La.1986), it *801 does not overrule Fraser; and I do not interpret Williams as applicable to sentencing errors of a type different than those subject to automatic correction under La. R.S. 15:301.1. To the extent that State v. Gordon, 01-0236 (La.App. 1 Cir. 2/15/02), 809 So.2d 549, is inconsistent with this view, it should be overruled.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeals, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.