WILLIAM H. BYRNES, III, Chief Judge.
Lloyd Davis appeals his conviction and sentence for attempted possession of heroin as a quadruple offender. We affirm the conviction of attempted possession of heroin but vacate the multiple bill sentence and remand.

Facts

On October 10, 2000, Detective Raymond Veit of the Sixth District narcotics squad conducted a surveillance of the 1800 block of St. Thomas Street. He positioned himself in an empty apartment on the third floor of a building in the housing development and viewed the courtyard with the aid of binoculars. Davis, who matched the. description of the targeted subject, was playing horseshoes. As Detective Veit continued to watch, he observed Davis engage in what he believed to be two narcotics transactions. In the first, an unidentified female approached Davis and gave him currency. Davis walked onto the porch at 1809 St. Thomas Street, climbed onto the railing, reached up to the ledge on the top of one of the poles, and retrieved a bag from which he removed an object. Davis replaced the bag, then returned to the female and gave her the object. The female left the area. Considering | ¿that she was on foot, Detective Veit elected not to have his back-up officers stop her because of his concern that the surveillance would be compromised.
Instead, the detective continued to watch Davis. A short time later, a red pick-up truck occupied by two white males drove into the area and stopped. Davis approached the truck and was handed currency by the driver. When Davis mo *1172 tioned, the truck drove on. Again, Davis went to the porch at 1809 St. Thomas Street, climbed up, retrieved the bag, and removed an object. Meanwhile, the truck returned to the area, and Davis passed an object to the occupants. The truck left the area.
Detective Veit decided to terminate his surveillance. He radioed to his back-up teams to stop the truck and detain Davis. Although the truck was not located, Detective Waite and his partner detained Davis based on the description provided by Detective Veit. When Detective Veit arrived, he confirmed that Davis was the person whom he saw who engaged in the apparent transactions, and then retrieved the bag from the top of the porch. Inside the pouch, Detective Veit found ten pieces of folded aluminum foil that contained powder that appeared to be heroin. Davis was arrested.
Subsequent testing of the powder by Officer Harry O’Neal, an expert in the testing and identification of controlled dangerous substances, confirmed that the substance was heroin.
At trial, Davis presented the testimony of three witnesses. Trudy Connelly testified that she worked for the St. Thomas Resident Council and Beautification Team. Her duties involved cleaning the housing development courtyard that Detective Veit had placed into surveillance. Ms. Connelly stated that on October 10, 2000, she was working in the courtyard and saw 13Pavis. He was there around 1:00 or 2:00 p.m., left, and then returned approximately thirty minutes later. Davis was in the courtyard for a few minutes when the police arrived and took him into custody. Ms. Connelly further testified that she had seen Davis playing horseshoes with three other men. Finally, she stated that Davis was riding his bicycle when he returned to the courtyard. By that time, Ms. Connelly had finished her workday, which ended at 2:00 p.m., and was sitting on a porch with her coworkers.
Jerry McDaniel testified that he lived in the St. Thomas Housing Development on October 10, 2000. He and Davis were planning to go to the Volunteers of America that day so that Davis could look at a car with McDaniel, who had some experience as a mechanic. At approximately 2:15 p.m., Davis arrived and called out to McDaniel who was on his porch at 935 St. Andrews Street. By the time McDaniel got downstairs, the police had detained Davis, who was on his bicycle. Mr. McDaniel confirmed that Davis had been in the courtyard earlier that morning playing horseshoes.
Nicole Sullivan testified that Davis was her boyfriend and was with her at her home at 2339 Laurel Street off and on throughout the day of his arrest. He initially left the residence at around 8:30 a.m., returned at around 1:30 p.m., then left again at 2:15 p.m. on his bicycle. Ms. Sullivan was able to pinpoint the latter times by the soap operas she was watching on television.
All of the witnesses identified various photographs that had been taken by investigators with the District Attorney’s office and the Orleans Parish Indigent Defender’s office. Also, the trial judge acknowledged that |4he had accompanied the parties to the apartment from which Detective Veit conducted the surveillance.

Procedural History

Davis was arraigned and entered a not guilty plea to possession of heroin in violation of La. R.S. 40:966 on December 11, 2000, and the trial court denied Davis’s motion to suppress evidence on January 10, 2001. On April 2, 2001, after being advised of his right to trial by jury, Davis elected to waive the jury and proceed with *1173 a bench trial. The trial court found Davis guilty of attempted possession of heroin. Davis was sentenced as a quadruple offender to twenty years at hard labor without the benefit of probation, parole, or suspension of sentence following a multiple bill hearing held on January 11, 2002. Davis’s appeal followed.

Revieiu on Appeal

Errors Patent

The record shows that the trial court imposed a sentence below the statutory minimum required by La. R.S. 15:529.1 as written at the time of the defendant’s offense.[1] The State did not object at sentencing, did not file a motion to reconsider sentence, did not seek supervisory writs, and did not raise the issue in its brief. Pursuant to La.C.Cr.P. art. 882A, an illegally lenient sentence can be noticed or recognized by the appellate court sua sponte without the issue being raised by the State in the trial court or on appeal. State v. Williams, 2000-1725 (La.11/29/01), 800 So.2d 790. In reference to La. R.S. 15:301.1,[2] the Louisiana Supreme Court stated that: “When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional rights.” Id., 2000-1725, pp. 9-10, 800 So.2d at 798.

State v. Williams

In Williams, supra, 2001-1725, p. 12, 800 So.2d at 799-800, the Louisiana Supreme Court held:
Viewing these statutory provisions in light of the defendant’s due process rights and his recognized right in Louisiana to seek appellate review of his conviction, we find no impediment to the Legislature’s statement that LA.REV. STAT. ANN. § 15:301.1 was enacted to change the law in State v. Jackson [452 So.2d 682 (La.1984) ] and its progeny. No portion of LA.REV.STAT. ANN. *1174 § 15:301.1 conflicts with a constitutional principle to which the legislative enactment must yield. Paragraphs A, B, and C of LA.REV.STAT. ANN. § 15:301.1 simply provide for the correction of illegally lenient sentences and neither increase a defendant’s sentencing exposure nor increase a legal sentence. Accordingly, we find that the provisions of this legislative enactment do not impede the defendant’s constitutional right to appeal. [Emphasis added.]
liiFinding that La. R.S. 15:301.1 does not conflict with constitutional principles, the Louisiana Supreme Court addressed the 180-day time limit provided in Section D. The Supreme Court noted that:
After reviewing the committee minutes, it is apparent from' the few comments that the concern for a time limit was directed to the district rather than the appellate courts. [Emphasis added.]
Id., 2000-1725, p. 14, 800 So.2d at 800. The Supreme Court asserted that:
... because of the complete failure of the sentencing court to abide by any of the sentencing requirements of LA. REV.STAT. ANN. § 14:98(D)(1) and because an element of sentencing discretion existed as regards the length of sentence served without benefit of parole, probation, or suspension of sentence, it was necessary for the appellate court to remand the matter to the trial court for re-sentencing. [Emphasis added.]
Id., 2000-1725, p. 15, 800 So.2d at 801.
The Supreme Court found that the La. R.S. 15:301.1(D) 180-day time period did not apply to the procedural facts of the case. Paragraph D does not apply to Section A because the sentence is self-activated as the sentence “is recognized as having existed statutorily without pronouncement being necessary.” Id. 2000-1725, p. 14, 800 So.2d at 801. The Supreme Court held that those errors recognized potentially in Paragraph B “were not raised either by the sentencing court or the district attorney, the method authorized in La. R.S. 15:301.1(B). Accordingly, whatever time limitation provided in Paragraph D was inapplicable to the appellate court” [ (Emphasis added.) Id., 2000-1725, p. 16, 800 So.2d at 802] under the procedural facts in Williams. The time limit in Paragraph D does not apply to Paragraph B unless “the provisions are activated by the .sentencing court or the district attorney.” Id. Instead, the Supreme Court applied LajC.Cr.P.7 art. 882 “which allows an illegal sentence to be corrected at ‘any time’ ” by the appellate court on review. Id., 2000-1725 p. 12, 800 So.2d at 800.

Discretionary Sentence

In Williams, the trial court sentenced the defendant to three years at hard labor, suspended, and placed him on three years active probation specially conditioned on three years of home incarceration under La.C.Cr.P. art. 894.2. The sentence was contrary to the penalties (such as a mandatory minimum $2,000 fine) required by La. R.S. 14:98(D) and was not authorized by the home incarceration article.
Part of the sentence should have been served without the benefit of parole, probation or suspension of sentence (collectively “without benefits”). The Louisiana Supreme Court found that the sentence involved' sentencing discretion regarding the length of sentence served “without benefits.” Therefore, “because of the complete failure of the sentencing court to abide by any of the sentencing requirements [not just the portion “without benefits” but including a mandatory minimum $2,000 fine] ... and because an element of *1175 sentencing discretion existed” regarding the length of the sentence to be served “without benefits,” “it was necessary for the appellate court to remand the matter to the trial court for resentencing.” Id. 2000-1725, p. 15, 800 So.2d at 801. The Louisiana Supreme Court stated that: |R “Those appellate court decisions inconsistent with the views expressed in this opinion are overruled.” Id. 2000-1725, p. 16, 800 So.2d at 802.[3]

State v. Jackson

In State v. Jackson, 2001-1062 (La.App. 4 Cir. 2/13/02), 812 So.2d 139, the trial court sentenced the defendant to two years. In an errors patent review, this Court recognized that the trial court erred in failing to sentence the defendant to life as a third felony offender without benefit of parole, probation, or suspension of sentence. This Court stated that: “Williams retroactively overrules State v. Jackson 452 So.2d 682 (La.1984)[4] and its progeny, including State v. Fraser, 484 So.2d 122 (La.1986).” 2001-1062, p. 8, 812 So.2d at 145. Because the element of discretion existed as to the amount of the fine, and because the trial court did not give reasons for sentencing the defendant below the minimum sentence, this Court remanded the case to comply with the requirements of LA.C.Cr.P. art. 894.1 or to impose the mandatory minimum sentence.[5] *1176 The defendant would be allowed to withdraw his guilty plea because the minimum sentence was not within the sentencing range acknowledged that the defendant would receive if he pleaded guilty to the multiple bill.

State v. Barnes

In State v. Barnes, 2001-2318, pp. 3-4 (La.App. 4 Cir. 3/27/02), 816 So.2d 881, 883-884, this Court stated:
... In Williams the Supreme Court also held that the retroactive application of the 180 day time period announced in paragraph D of La. R.S. 15:301.1 to sentences imposed prior to August 15, 1999, is procedural and does not violate the prohibition against ex post facto laws; additionally, the Court ruled that the 180 day time period defined in paragraph D is applicable only to paragraph B of the statute, and not paragraph A under which this defendant’s sentence falls. [Emphasis added.]
Paragraph B of La. R.S. 15:301.1 refers to sentences other than those “without benefits” such as the amount of a fine. This Court notes that in Williams, supra, the Louisiana Supreme Court found that the 180-day time period in Paragraph D does not apply to Paragraph B unless “the provisions are activated by the sentencing court or the district attorney.” Id., 2000-1725, p. 16, 800 So.2d at 802. Therefore, the time limitation provided | inin Paragraph D was inapplicable to the appellate court where the sentencing court or district attorney did not raise any sentencing errors under the facts of the case. In Williams, the Louisiana Supreme applied La.C.Cr.P. art. 882 that allows an illegal sentence to be corrected at “any time” by the appellate court on review. Id., 2000-1725, p. 12, 800 So.2d at 800.

State v. Major

In State v. Major, 2002-0133 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, this Court stated:
Complying with La.C.Cr.P. art. 920, we have conducted a patent error review of the record on appeal and found a sentencing error. Mr. Major was convicted of possession of cocaine in an amount of twenty-eight grams or more, but less than two hundred grams, a violation of La. R.S. 40:967 C. Pursuant to La. R.S. 40:967 F(l)(a), the applicable sentence for that offense is imprisonment at hard labor for not less than ten years, nor more than sixty years, and a fine of not less than fifty thousand dollars, nor more than one hundred thousand dollars. La. R.S. 40:967(G) requires that the adjudication of guilt or imposition of a sentence under La. R.S. 40:967(F) “shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.” By failing to impose a fine on Mr. Major, the trial court imposed an illegally lenient sentence. We, however, decline to remand for correction of that patent sentencing error.
Although we recognize that State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, arguably calls into question the jurisprudential rule against correcting a patent sentencing error favorable *1177 to the defendant when the state fails to appeal, we read the holding in Williams as applying only to sentencing errors subject to automatic correction under La. R.S. 15:301.1(A). Our holding is consistent with that espoused by the dissent in State v. Paoli 2001-1733, p. 1 (La.App. 1 Cir. 4/11/02), 818 So.2d 795, 800-01(Guidry, J., dissenting); as Judge Guidry, joined by Judge Pettigrew, aptly stated:
Although State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, arguably cast some doubt upon the reasoning in State v. Fraser, 484 So.2d 122 (La.1986), it does not overrule Fraser and I do not interpret Williams as applicable to sentencing errors of a type different than those subject to automatic correction under La. R.S. 15:301.1.
In this case, the patent sentencing error — a mandatory fine — falls under La. R.S. 15:301.1(B). See Williams, 2000-1725, pp. 10-11, 800 So.2d at 799 (citing, by way of example, failure to impose mandatory fine). La. R.S. 15:301.1(B) provides that an amendment of a sentence to conform with an applicable statutory provision may be made on the trial court’s own motion or if the district attorney seeks such an amendment; however, La. R.S. 15:301.1(D) provides that such action must be taken within one hundred and eighty days of the initial sentencing. Construing those provisions together, the appellate court in State v. Esteen, 2001-879 (La.App. 5 Cir. 5/15/02), 821 So.2d 60, declined to remand to correct an illegally lenient sentence resulting from failure to impose a mandatory fine given the state’s failure to object before La. R.S. 15:301.1(D)’s one-hundred eighty day period elapsed. We likewise conclude, that given the state’s failure to seek relief in either the trial court or this court, it is inappropriate to remand for correction of the illegally lenient sentence resulting from the failure to impose a fine.
Major, supra, quoted the dissent in State v. Paoli, 2001-1733 (La.App. 1 Cir. 4/11/02), 818 So.2d 795. The majority opinion in Paoli is comparable to this Court’s opinion in Jackson. The First Circuit stated:
PATENT ERROR
La.Code Crim. P. art. 920, entitled “Scope of appellate review”, provides that “The following matters and no others shall be considered on appeal: ... (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” (Emphasis added.) La. Code Crim. P. art. 5, entitled “Mandatory and permissive language”, provides, in pertinent part, that “The word ‘shall’ is mandatory .... ” (Emphasis added.) This language is clear and unambiguous. Its application is not limited to errors favorable or unfavorable to either the state or a criminal defendant. La. Civ. Code art. 9 states the basic rule for the interpretation of laws and provides, in pertinent part, that “When a law is clear and unambiguous ... the law shall be applied as written.... ”
As mandated by Article 920, a patent error review has been made of the record on appeal and patent sentencing errors have been found.
L/The defendant was convicted of driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. He subsequently was sentenced to ten years at hard labor with two years to be served without benefit of parole, probation, or suspension of sentence. However, according to the sentencing tran *1178 script, the trial court failed to impose the mandatory fine for a conviction of fourth offense DWI and failed to order the defendant to participate in a court-approved substance abuse program and a court-approved driver improvement program. See La. R.S. 14:98(E) (prior to its amendment by 2001 La. Acts, No. 1163, § 2, eff. August 15, 2001). These omissions are patent sentencing errors.
La.Code Crim. P. art. 882(A) provides that “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” (Emphasis added.) This language is clear and unambiguous and this “law shall be applied as written Article 882(A) does not limit its application to sentencing errors favorable or unfavorable to either the state or a criminal defendant. Pursuant to this language, all sentencing errors are subject to correction, unless there is a legal reason not to make the correction. The Official Revision Comment to Article 882 states, in pertinent part: “The first sentence, taken from Fed. Rule 35, states the almost self-evident authority of the court to correct an illegal sentence at any time, for an illegal sentence is, in the contemplation of the law, no sentence at all. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951).” (Emphasis added.)
In State v. Williams, 99-1840 (La.App. 1 Cir. 5/12/00) (unpublished), this court found patent sentencing errors that were not covered by La. R.S. 15:301.1(A), vacated the sentence and remanded the matter to the trial court for re-sentencing. The Louisiana Supreme Court reviewed this case and held that this court “properly noticed the numerous sentencing errors” and affirmed our judgment. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. The court also stated that “... it is nonetheless well established that a defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence.” (Emphasis added.) Williams, 800 So.2d at 797. In Williams, 2000-1725 at pp. 9-10, 800 So.2d at 798, the court also stated:
It is readily apparent that a significant distinction may be drawn between vindictiveness which, after appeal, increases a defendant’s sentencing exposure or increases a legal sentence, and the pro forma correction of an illegal sentence. When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional rights. [Citations omitted.] Simply stated, when a court | ^complies with a non-discretionary sentencing requirement, i.e., a mandatory minimum term or special parole provision(s), no due process violation is implicated because neither actual retaliation nor vindictiveness exists.
Thus, Williams represents a clear departure by the Louisiana Supreme Court from the prohibition against an appellate court taking steps to correct an illegally lenient sentence noted as patent sentencing error. See State v. Fraser, 484 So.2d 122 (La.1986). [Emphasis added.]
The sentencing errors in this case are not provided for in La. R.S. 15:301.1(A), and they pertain to mandatory sentencing requirements. Accordingly, we will take the same action herein as we did in Williams. This same approach was followed by this court in State v. Gordon, 01-0236 (La.App. 1 Cir. 2/15/02), 809 So.2d 549. To the extent that State v. Holmes, 01-0955 (La.App. 1 Cir. 2/15/02), 811 So.2d 955, and State v. *1179 Holmes, 01-0956 (La.App. 1 Cir. 2/15/02), 811 So.2d 960, are inconsistent with this opinion, they are overruled.
DECREE
For the foregoing reasons, the conviction is affirmed; the sentence is vacated and this matter is remanded to the trial court for re-sentencing in accordance with the law and views expressed herein. La.Code Crim. P. art. 881.4(A).
Paoli, supra, 2001-1733, p. 6-8, 818 So.2d at 799-800.
In the present case, we conclude that where the trial court does not impose a mandatory minimum sentence without the benefits of parole, probation, or suspension of sentence, the sentence should not be amended but should be recognized under State v. Williams, supra. The 180-day time period in Paragraph D of La. R.S. 15:301.1 does not apply to Paragraph A. The 180-day time limit in Paragraph D does not apply to Paragraph B where the errors were not raised by the sentencing court or the State in the trial court or on appeal. We find that where there is any discretion in a sentence that is illegally lenient, the sentence should be remanded to the trial court for resentencing or for the trial court to comply with the requirements of La.C.Cr.P. art. 894.1, by stating sufficient reasons for imposing a sentence below the mandatory minimum sentence. If the new sentence is not within |uthe range set out in a plea bargain agreement, the defendant would be allowed to withdraw his guilty plea.
In the present case, another error patent, pertaining to the multiple offender adjudication, necessitates that we vacate the defendant’s adjudication and sentence as a fourth offender and remand for a new multiple offender proceeding.

Multiple Offender Status

One of Davis’s three prior convictions named in the multiple bill of information arose from case number 351-061 and was for violation of La. R.S. 14:95.1, specifically having possessed a firearm and having previously been convicted of possession of cocaine in case number 325-885 on the docket of the Criminal District Court for the Parish of Orleans. The State also used the conviction in case number 325-885 as one of the other prior felonies to prove that Davis was a quadruple offender.
As noted in State v. Fletcher, 01-0809, p. 5 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010, 1013, referring to State v. Bailey, 97-493, pp. 9-10 (La.App. 5 Cir.11/12/97), 703 So.2d 1325, 1331, the Fifth Circuit in an error patent review held that, “[i]f a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement.” The Fifth Circuit relied on two previous Fourth Circuit cases that held that the use of both a violation of La. R.S. 14:95.1 and its underlying felony was not permitted in one multiple offender adjudication. See State v. Moten, 619 So.2d 683, 685 (La.App. 4 Cir.1993) |1K(“[a] felon in possession of a firearm conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill”); and State v. Hymes, 513 So.2d 371, 373 (La.App. 4 Cir.1987) (“a 14:95.1 conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill.”)
In the present case, the trial court erred in adjudicating the defendant as a quadruple offender based on both the defendant’s *1180 convictions in case numbers 325-885 and 351-061. The multiple offender adjudication and sentence must be vacated.

Additional Multiple Offender Claims

The assignments of error raised by Davis through his counsel and in a pro se brief pertain to the multiple offender proceedings. Counsel argues that the attorney who represented the defendant at the sentencing was ineffective because she allegedly failed to oppose the multiple offender adjudication, specifically not insisting that the defendant be arraigned, faffing to file a written opposition or requesting time in which to do so, failing to cross-examine the witness at the multiple bill hearing, and correcting the trial court when it noted that one of the predicate convictions was the result of a guilty plea when in fact it was the result of a jury verdict. Because the matter must be remanded for a new hearing, these claims are not addressed.
In his pro se supplemental brief, Davis argues that the trial court erred in not formally arraigning him on the multiple bill of information and did notj^advise him of his rights as required by La. R.S. 15:529.1D(l)(a). This issue is moot because the multiple offender adjudication must be vacated.

Double Jeopardy Claim

Davis also avers that if his multiple offender sentence is vacated, any resen-tencing as a multiple offender should be barred by double jeopardy. However, it is well-settled that double jeopardy does not apply to a multiple offender proceeding because “[s]uch a proceeding is merely a part of sentencing.” State v. Langendorfer, 389 So.2d 1271, 1277 (La.1980). See also State v. Picot, 98-2194 (La.App. 4 Cir. 11/10/98), 724 So.2d 236, and State v. Bennett, 544 So.2d 661 (La.App. 3 Cir.1989). There is no bar to a second multiple offender adjudication and sentencing.
Accordingly, the defendant’s conviction for attempted possession of heroin is affirmed. The multiple offender adjudication and sentence are vacated and the matter is remanded for a new multiple offender hearing and sentencing proceedings consistent with this opinion.

ATTEMPTED POSSESSION OF HEROIN CONVICTION AFFIRMED; MULTIPLE OFFENDER SENTENCE VACATED; AND REMANDED.

. Davis's present offense was committed in October 2000, prior to the 2001 non-retroactive amendment to La. R.S. 15:529.1, which reduced the mandatory minimum sentence for a quadruple offender with one crime of violence from life imprisonment to a range of twenty years to life. One of Davis's predicate convictions was for violating La. R.S. 14:95.1, possession of a firearm having previously having been convicted of a felony, which is designated as a crime of violence under La. R.S. 14:2(13)(ee).

. § 301.1 provides:
Sentences without benefit or probation, parole, or suspension of sentence; correction A.When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.

.In State v. Jackson, 452 So.2d 682 (La.1984), and State v. Fraser, 484 So.2d 122 (La.1986), the Louisiana Supreme Court did not permit a minimum sentence to be recognized on appeal where the State did not object in the trial court or on appeal.
A review of Williams, supra, 2000-1725, pp. 7-8, 800 So.2d at 796-797, shows that the Louisiana Supreme Court did not specifically overrule Jackson and Fraser but stated:
... Fraser built upon Jackson and the rule developed in this State that when a defendant alone appealed and the record contained a patent error favorable to him, an appellate court should ignore it unless “the prosecution, having properly raised the issue in the trial court, has [also] sought appellate review." Jackson, 452 So.2d at 684.
In Section 2 of 1999 LA. ACTS 94, the genesis of LA.REV.STAT. ANN. § 15:301.1, the Legislature stated:
The provisions of Section 1 of this Act shall legislatively overrule (FN5) the cases of State v. Jackson, 83-2360 (La.6/25/84), 452 So.2d 682, [State ex rel.] Pierre v. Maggio, 83-0806 (La.1/27/84), 445 So.2d 425, and any other case which is contrary to the provisions of this Act. (FN6 omitted) [Emphasis added.]
Neither State v. Jackson, 452 So.2d 682 (La.1984) nor State v. Fraser, 484 So.2d 122 (La.1986), specifically addressed the constitutional issue of whether a correction of sentence on appellate review (which imposes a more onerous sentence on the defendant/sole appellant) violates the due process rights of a defendant by its chilling effect on the exercise of the right of appeal. See Fraser, 484 So.2d n. 6 at 124. [Emphasis added.]
In Footnote 5, Williams, supra, 2000-1725, p. 9, 800 So.2d at 797, the Supreme Court noted:
(FN5.) Although the Legislature used the word "overrule," the correct terminology should have been the Legislature "changed the law” as the Legislature does not act as a court and has no authority to "overrule” a case.
The Supreme Court asserted that Jackson, supra, and Fraser, supra, did not address the constitutional issue of whether the sentence correction has a chilling effect on the defendant's right to appeal. In that respect, Williams did not overrule Jackson and Fraser. However, La. R.S. 15:301.1 changed the law with respect to those cases.

. The Louisiana Supreme Court opinion in State v. Jackson 452 So.2d 682 (La.1984), should not be confused with State v. Jackson, 2001-1062 (La.App. 4 Cir. 2/13/02), 812 So.2d 139. The Supreme Court case, Jaclcson, provides the view expressed in Fraser and predates La. R.S. 15:301.1. The later Fourth Circuit case, Jackson, post-dates La. R.S. 15:301.1, and reviews the Louisiana Supreme Court case, State v. Williams, supra.

. In addition, it is noted that La. R.S. 15:574.22 provides for the Louisiana Risk Re *1176 view Panel that has the authority to evaluate the risk of danger to society if a person were released where that person was convicted of a certain crime not defined or enumerated as a crime of violence under La. R.S. 14:2(13). Upon review, the Risk Review Panel may recommend that a person may be considered for clemency by the Board of Pardons or the panel may recommend that the person be considered for parole by the Board of Parole. This statute was effective on June 15, 2001, and has prospective effect.