943 So.2d 500 (2006)
STATE of Louisiana
v.
Cedrick MORGAN.
No. 2006 KA 0506.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
Doug Moreau, District Attorney, Lori Nunn, Stacy L. Wright, Baton Rouge, for Appellee, State of Louisiana.
Frederick Kroenke, Baton Rouge, for Defendant/Appellant, Cedrick Morgan.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
WHIPPLE, J.
The defendant, Cedrick Morgan, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:30.1 and LSA-R.S. 14:27.[1] The defendant entered a plea of not guilty. Following a trial by jury, the defendant was found guilty of the responsive offense of aggravated battery, a violation of LSA-R.S. 14:34. Upon fourth felony habitual offender adjudication, the defendant was sentenced to twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.[2] The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, assigning error to the sentence imposed and challenging its constitutionality. For the following reasons, we affirm the conviction and habitual offender adjudication, vacate the habitual offender sentence and remand for resentencing.

STATEMENT OF FACTS
The victim, Diane Henry, met the defendant in (or sometime near) June of 2003. *501 During an approximate one-year period, they had a relationship that consisted of frequent dates. The victim decided to end the relationship at the end of February of 2004. According to the victim, the defendant did not want to end the relationship and continued to call her frequently.
On March 19, 2004, the defendant called the victim several times in an attempt to arrange a brief meeting. The victim initially refused, but ultimately agreed to meet the defendant. When the victim arrived at a residence located at 2350 N. 20th Street in Baton Rouge, Louisiana (near Monroe Street), during the late evening hours, the defendant physically attacked her with beer bottles.[3] According to the victim, the defendant stated, "You pretty bitch, die, if I can't have you, ain't (sic) nobody going to have you," as he continued to beat her with bottles, including some that were broken. The victim testified that the defendant also bit her fingers, face, breasts and leg. The victim screamed and cried for help. The victim ultimately escaped from the home.[4]
An anonymous caller reported the incident, and at approximately 1:20 a.m. on March 20, Officer Patrick Wennemann of the Baton Rouge City Police Department was dispatched to the area. The victim was discovered lying on Monroe Street and had several visible injuries. According to Officer Wennemann's testimony, the victim's face was covered with blood and her eyes were severely swollen. The victim was admitted to Our Lady of the Lake Regional Medical Center's emergency room and examined by Dr. Luke Corsten, the State's expert witness in the field of neurological surgery. The victim had external signs of trauma with multiple lacerations of the scalp, brow, ear, and neck, and injuries to her arms. The victim's consciousness was altered.[5] The victim was diagnosed with a concussion and a closed-head injury.

PATENT ERROR
In accordance with LSA-C.Cr.P. art. 920(2), all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note the following. The trial court imposed the defendant's sentence without the benefit of parole when neither the penalty provision of the substantive statute nor the habitual offender law authorized such a restriction on the defendant's parole eligibility. The penalty for aggravated battery is imprisonment with or without hard labor for up to ten years and a possible fine of not more than five thousand dollars. LSA-R.S. 14:34. While LSA-R.S. 15:529.1G prohibits probation or suspension of sentence, the habitual offender law does not prohibit parole eligibility in this instance. LSA-R.S. 15:529.1A(1)(c)(i).[6]
*502 Thus, the inclusion of the parole restriction rendered this sentence illegal. In State v. Williams, XXXX-XXXX, p. 16 (La.11/28/01), 800 So.2d 790, 802, the Louisiana Supreme Court recognized that this Court has the authority to correct an illegal sentence, i.e., even an illegally lenient sentence, despite the failure of either party to raise the issue in the district court or on appeal if the correction is ministerial. LSA-C.Cr.P. 882A. In State v. Paoli, XXXX-XXXX, pp. 7-8 (La.App. 1st Cir.4/11/02), 818 So.2d 795, 799-800 (en banc), writ denied, 2002-2137 (La.2/21/03), 837 So.2d 628, this court recognized that Williams represented a clear departure from the earlier prohibition against an appellate court taking steps to correct an illegally lenient sentence noted as patent sentencing error.
Herein, the sentencing error noted involves discretion. Specifically, pursuant to LSA-R.S. 15:529.1A(1)(c)(i), the sentencing range herein is twenty years to life imprisonment without probation or suspension of sentence. Moreover, as the Supreme Court has previously admonished, "[t]o the extent that the amendment of defendant's sentence entails more than a ministerial correction of a sentencing error, the decision in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, does not sanction the sua sponte correction made by the court of appeal on defendant's appeal of his conviction and sentence." State v. Haynes, XXXX-XXXX (La.12/10/04), 889 So.2d 224. Thus, we must vacate the sentence and remand for resentencing.[7] Therefore, we pretermit any consideration of the excessive sentence argument raised by the defendant in his sole assignment of error.
CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED. HABITUAL OFFENDER SENTENCE VACATED AND REMANDED FOR RESENTENCING.
McDONALD, J. Dissenting in part and affirming in part.
I agree with the majority in affirming the habitual offender adjudication. However, with the utmost deference to the majority in this matter, I must respectfully dissent in vacating the habitual offender sentence and remanding for resentencing. The majority relies on State v. Williams, State v. Haynes, and State v. Paoli in reaching the conclusion that the illegally imposed sentence requires a remand to the trial court for resentencing. This reliance is both mistaken and misplaced. The mandate in LSA-C.Cr.P. art. 920(2) is for this court to conduct a patent error review. That has been done. Having found a sentencing error, State v. Paoli requires that we "consider" it. Having considered it, I see no reason to remand it to the trial court for resentencing. Morgan was sentenced to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. As the majority notes, this is an illegal sentence because neither the habitual offender statute nor the penalty provisions in the underlying criminal offense provide for such a restriction as to parole. His only assignment of error on appeal is that the 20-year sentence is excessive. The error under consideration by the majority was found by a patent error review. Neither of the parties has raised this particular *503 issue; defendant noted it, but did not brief it.
In Williams the court was faced with the question of an illegally lenient sentence and the retroactive applicability of LSA-R.S. 15:301.1. The defendant received a suspended sentence in violation of the applicable statute. The supreme court stated:
In instances where these restrictions are not recited at sentencing, LA.REV. STAT. ANN. § 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Williams, 800 So.2d at 799.
Unlike in Williams, the sentence before us is illegally harsh. If a sentence that fails to impose a mandatory requirement of no parole eligibility is self correcting, it seems the same should be true for the deletion of a provision of no parole eligibility when the sentence provides for parole eligibility. I agree with Justice Pro Tempore Lobrano's concurring opinion "that La.C.Cr. Pro. arts. 882 and 920 give a reviewing court the authority to, sua sponte, correct an illegal sentence." Williams, 800 So.2d at 803. Thus, I disagree with the majority and do not believe Williams prohibits a sua sponte correction of such a sentence as that imposed on Morgan.
Additionally, the majority's reliance on Haynes is strained at best. Haynes is a per curiam opinion. The supreme court reversed the appellate court's amendment of the defendant's sentence by imposing the maximum fine of $5000. Because the range of a fine was from $1000 to $5000, the court found the amendment of the sentence to be more than a ministerial correction because of the discretion available to the trial judge. The majority notes that the sentence before us involves discretion, but fails to identify in what way the trial court has any discretion. The court cannot impose a sentence that lacks parole eligibility. There is no discretion. One might argue that if the trial court recognized that the defendant would be eligible for parole, he or she might have imposed a lengthier sentence. Such an argument is spurious at best. LSA-C.Cr.P. art. 894.1 provides the sentencing guidelines which must be considered by the trial judge in imposing sentence. Parole eligibility is not one of these.[1] This is probably because parole is not guaranteed. The defendant only becomes eligible for parole. Once becoming parole eligible, the Parole Board must decide if parole will be granted. Thus, the trial court is mandated to tailor the sentence to the specific facts of the case and the character of the defendant. I believe a sentence imposed where part of the consideration was parole eligibility would come under rigorous scrutiny and would not pass a test for excessive sentence. Therefore, I do not believe the sentence imposed on Morgan involves any additional discretion by the trial court.
For these reasons I would amend the sentence to delete the provision "without benefit of parole" and would eliminate the need to remand to the trial court for resentencing. I would remand for the limited purpose of correcting the minutes to reflect this amendment. Therefore, I respectfully dissent from that portion of the *504 opinion vacating the sentence and remanding for resentencing.
McDONALD, J., agrees in part and dissents in part and will assign reasons.
NOTES
[1] The bill of information originally charged the defendant with aggravated second degree battery, but was later amended by the State.
[2] The portion of the minute entry referencing the habitual offender adjudication incorrectly states that the defendant was determined to be a third felony habitual offender. The transcript of the habitual offender and sentencing hearing clearly states the defendant was adjudicated a fourth felony habitual offender. When there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
[3] The victim had never been inside of the residence before the night of the incident, but had previously driven the defendant there.
[4] The victim testified that an unknown individual assisted her out of the home, but fled from the scene before the police arrived.
[5] The victim's blood-alcohol level was determined to be .103 at the time of toxicological testing, 2:15 a.m. on March 20, 2004. Dr. Corsten testified that some of the victim's symptoms could have been caused by her blood-alcohol level and/or by her injuries.
[6] The record indicates that the forgery and felony theft of goods convictions occurred on the same date and were considered as one conviction by the court in adjudicating the defendant a fourth offender. The habitual offender petition and evidence submitted in support thereof by the State were admitted during the hearing, but were not made a part of the instant record. The PSI is contained in the record. The defendant does not raise any issues on appeal regarding the habitual offender adjudication.
[7] In State v. Templet, 2005-2623 (La.App. 1st Cir.8/16/06), 943 So.2d 412, another panel of this court sua sponte amended a sentence to delete the illegal portion of the sentence and remanded solely for the correction of the minutes, despite this court's decision in State v. Paoli, XXXX-XXXX, 818 So.2d at 799-800, and the clear dictates of State v. Haynes, XXXX-XXXX, 889 So.2d at 224. Given the Supreme Court's decision in Haynes, notions of judicial efficiency cannot override the judicial discretion reserved to the trial court.
[1] Parole eligibility would certainly not be considered a relevant aggravating or mitigating circumstance. LSA-C.Cr.P. art. 894.1 B (21), (33).