609 So.2d 1043 (1992)
STATE of Louisiana, Appellee,
v.
Benjamin Adolpho OROZCO, Appellant.
No. 24118-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
*1044 Joe Clark, Indigent Defender Board, Benton, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Robert Randall Smith, J. Spencer Hays, Asst. Dist. Attys., Benton, for appellee.
Before LINDSAY, BROWN and STEWART, JJ.
LINDSAY, Judge.
The defendant, Benjamin Adolpho Orozco, was originally charged with possession of cocaine, in violation of LSA-R.S. 40:967(C). He pled guilty to attempted possession of cocaine and was sentenced to serve two years at hard labor. The defendant appealed his sentence as being excessive. On our own motion, we observe that the Boykin colloquy lacks a significant factual basis for the defendant's plea, and that the record demonstrates the defendant's lack of understanding of the charge to which he pled guilty. Consequently, we remand the case for further proceedings.

FACTS
The defendant is a 41-year-old Spanish-speaking man. He came to the United States from El Salvador in 1981 under the United States Amnesty Program.
Although information in the record is scant, it appears that on May 7, 1991, the defendant was a passenger in an automobile stopped by the police for speeding on I-20 in Bossier Parish. Either the driver or the defendant gave the officers permission to search the car. The resulting search of the vehicle disclosed the presence of nine rocks of cocaine in the trunk. The defendant was arrested, as was the driver, and charged with possession of cocaine.
On October 16, 1991, the defendant appeared in court to plead guilty to attempted possession of cocaine pursuant to a plea bargain. Due to the defendant's limited ability to understand English, an interpreter, Eva Villifranca, was also present. At several points during the colloquy the defendant displayed great confusion and a general lack of understanding about the charge to which he was pleading guilty.
The trial court ascertained the defendant's age, education, and his ability to read and write English "[j]ust a little." Then the court began to discuss the nature of the charge against the defendant:
THE COURT: It is also unlawful to attempt to possess cocaine.
(INTERPRETER TO DEFENDANT)
THE COURT: You'll have to tell me what he's saying. He's saying something.
MS. VILLIFRANCA: He said he didn't have that with him.
THE COURT: I haven't asked you that yet. I'm just asking you now if you understand these rights.
The court then explained the triad of Boykin rights. Thereafter, the following exchange occurred:
THE COURT: Then do I understand that you wish to plead guilty to the charge of *1045 attempted possession of cocaine for the sole and only reason that you are in fact guilty of that offense?
(INTERPRETER TO DEFENDANT)
MS. VILLIFRANCA: He said he never sold thathe never sold that
MR. CLARK [Defense counsel]: It's not a sale.
THE COURT: You're not charged with sale. You're charged with attempted possession.
(INTERPRETER TO DEFENDANT)
MR. OROZCO: Okay.
MS. VILLIFRANCA: He say, yes.
The court then ascertained from defense counsel that he had advised the defendant of the charge and his rights "on numerous occasions over the past two days." The assistant district attorney then began to summarize the facts of the case. At one point, the defendant interrupted the recitation of facts, which was translated for him, to dispute the statement that he had given the officers permission to search the vehicle. At the conclusion of the recitation of facts, the defendant was asked if the district attorney's statement was substantially correct.
MS. VILLIFRANCA: Yeah. He say he's right.
MR. OROZCO: I saw inside the car, the trunk.
MS. VILLIFRANCA: He saw it inside the trunk, those cracks.
THE COURT: Now, having heard your rights explained and this summary of the facts, how do you wish to plead to attempted possession of cocaine?
(INTERPRETER TO DEFENDANT)
THE COURT: What did he say?
MS. VILLIFRANCA: He said he didn't intend to own it.
THE COURT: He said what?
MS. VILLIFRANCA: He didn't intend to, you know, to be the owner of it.
THE COURT: What I want to know is do you want to plead guilty or not guilty to possessionto attempted possession of cocaine?
(INTERPRETER TO DEFENDANT)
MS. VILLIFRANCA: Yes.
THE COURT: Yes what? My question was do you want to plead guilty or not guilty. You can't answer that yes.
(INTERPRETER TO DEFENDANT)
MR. SMITH [assistant district attorney]: It's got to be guilty or not guilty.
(INTERPRETER TO DEFENDANT)
MR. OROZCO: Yes.
MS. VILLIFRANCA: Yes.
MR. CLARK: Say guilty or not guilty.
MS. VILLIFRANCA: Guilty or not guilty?
MR. OROZCO: Guilty.
THE COURT: All right. I find there is sufficient evidence upon which to base a guilty plea.... And I will accept you plea of guilty as voluntary and unqualified. You can tell him that I said that, please.
The court then ordered a presentence investigation (PSI) report and concluded the hearing.
On December 18, 1991, the trial court sentenced the defendant to serve two years at hard labor. Once again, it was evident that the defendant did not understand the charge to which he had pled guilty. During the court's statement of the facts, the defendant interrupted to say that "the car had the cocaine, not him."
After the trial court imposed sentence, the defendant spoke up again:
MS. VILLIFRANCA: He say that he cannot stay that long in jail because he he has not proved that he was using the drug. He say he's asking for his blood to be test or something, and they haven't test him at all.
MR. CLARK: Tell him he pled guilty to the charge.
(INTERPRETER TO DEFENDANT)
THE COURT: Well, the blood test doesn't make any difference. He can go with the Sheriff....

LAW
Deficiencies which arise from a guilty plea colloquy are errors patent and must be noticed by the reviewing court. State v. Williams, 554 So.2d 139 (La. App.2d Cir.1989).
*1046 When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Powell, 584 So.2d 1252 (La.App.2d Cir.1991); State v. Linear, 600 So.2d 113 (La.App.2d Cir.1992).
The presence of significant evidence of actual guilt provides a means by which the court may test whether a plea was intelligently entered. Linear, supra.
The mere presence of a defendant in the area where drugs are found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession of a controlled dangerous substance. However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. He may be considered in joint possession of a drug which is in the physical possession of a companion, if he wilfully and knowingly shares with the other in the right to control the drug. State v. Hall, 524 So.2d 179 (La.App. 4th Cir.1988), writ denied, 531 So.2d 264 (La. 1988). See and compare State v. Bell, 566 So.2d 959 (La.1990).
A guilty plea may be involuntary when the record shows that the defendant has an incomplete understanding of the charge against him. When this is true, the plea cannot stand as an intelligent admission of guilt. State v. Graham, 513 So.2d 419 (La.App.2d Cir.1987).

DISCUSSION
A reading of the transcript reveals that the trial court was placed on notice at the Boykin hearing that the defendant lacked an intelligent understanding of the elements of the charge of attempted possession of cocaine. (At one point, the defendant obviously thought the charge involved selling drugs, not attempted possession.) There is no showing of the defendant's guilty knowledge, or of any dominion and control exercised by the defendant, a passenger in the vehicle, over the cocaine found in the car trunk. Nor do we find any evidence of a confession in this record; to the contrary, there are actual denials of guilt, as quoted above. Additionally, the defendant's lack of understanding of the law was compounded by his lack of understanding of the English language.[1]
Even though the defendant was not entering an "Alford plea," the trial court was placed on notice that the defendant was denying the essential elements of the offense to which he was pleading guilty. His equivocal responses clearly alerted the court to the need for ascertaining a significant factual basis before accepting the defendant's plea. The evidence presently in the record[2] is woefully short of establishing a significant factual basis that the defendant was guilty of attempted possession of cocaine.
The trial court might have been able to rectify the situation by ordering a recess, during which the interpreter and defense counsel could have had a more detailed discussion with the defendant, and by then conducting a more detailed examination of the defendant on the record. However, this was not done, and we cannot presume, *1047 on this record, that the defendant understood the charge to which he was pleading.
Consequently, we remand the case to the trial court for further proceedings and an additional Boykin hearing to ascertain whether there is a significant factual basis for the defendant's plea to attempted possession of cocaine, and to ascertain whether the plea was free and voluntary under the principles of Alford, supra.

CONCLUSION
The case is remanded to the trial court for further proceedings consistent with this opinion.[3]
REMANDED FOR FURTHER PROCEEDINGS.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
Defendant entered into a plea bargain with the state. As a result of the plea, defendant reduced his sentencing exposure by one half. Defendant appealed his two year sentence as excessive. Although defendant has not questioned the voluntariness of his guilty plea, the effect of the majority opinion is to hold that it was involuntary. The appropriate vehicle to question the voluntariness of the plea is an application for post conviction relief. In such an application all parties can present evidence (in support of their position) regarding the voluntariness of defendant's guilty plea.
To validate its opinion, the majority used portions of the record in which defendant appeared confused. However, a review of the entire record supports a different conclusion.
The record discloses that defendant stated he could read, write and speak English to a limited extent. Defendant interrupted [in English] the plea colloquy several times to express his thoughts and filed pleadings in proper person. We should not assume that he did not draft these pleadings. The record further shows that the defense attorney selected the interpreter used at the plea hearing. The defense attorney also stated that he had talked to the defendant several times concerning the plea bargain and that the defendant wanted to plead guilty to the reduced charge of attempted possession of cocaine.
The remand by the majority is confusing and premature. We should affirm the sentence. Thereafter, defendant may file a PCR application to determine the voluntariness of his plea, which includes ascertaining, among other things, his understanding of English, the ability of his interpreter, and the pre-plea discussions between defendant and his attorney. We are not privy to all the facts surrounding defendant's plea. The appropriate procedure for obtaining answers to these questions is through a PCR hearing.
I respectfully dissent.
NOTES
[1] The record contains pleadings and letters in English filed by the defendant in proper person. However, in light of the trial court's appointment of an interpreter due to the defendant's inability to communicate in English, it is apparent that these documents were prepared by someone other than the defendant. (Not only did the trial court grant the defense motion for appointment of an interpreter in May, 1991, but at a hearing in May, 1992, the court specifically found that the defendant lacked the ability to represent himself because of his inability to communicate in English.)
[2] Although the minutes show that a preliminary examination was conducted on August 20, 1991, the transcript of that proceeding is not in this record. Additionally, the preliminary examination was not conducted by the same district court judge who accepted the defendant's plea.
[3] Although we pretermit the issue of excessive sentence, we harbor serious reservations concerning the trial court's imposition of a two-year hard labor sentence where the record contains virtually no information concerning the defendant or his background.