828 So.2d 116 (2002)
STATE of Louisiana, Plaintiff-Appellee,
v.
Timmy Lee WAGLEY, Defendant-Appellant.
State of Louisiana, Plaintiff-Appellee,
v.
Timmy Lee Wagley, Defendant-Appellant.
Nos. 36,277-KA, 36,278-KA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*118 Louisiana Appellate Project by G. Paul Marx, Lafayette, for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Charles D. Soileau, Assistant District Attorney, for Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
KOSTELKA, J.
From charges contained in two bills of information, Timmy Lee Wagley ("Wagley") pled guilty to second degree battery and two counts of theft over $500.[1] For each count of conviction, Wagley was sentenced to concurrent terms of two years and six months at hard labor. After the trial court denied Wagley's timely motion for reconsideration of sentence, he appealed his conviction and sentence. Finding no merit to his claims, we affirm.

Facts
The facts giving rise to the subject charges are as follows. On August 31, 2000, Wagley committed a battery upon his wife by beating her with his fist and causing her bodily injury. Thereafter, on or about June 12, 2001, Wagley took scaffolding from a construction site and an air compressor, saw and nail gun from an individual's private storage trailer.

DISCUSSION

Guilty Plea
On appeal, Wagley first contends that the second degree battery plea should be vacated because there is no factual basis on the record to show that the victim received serious bodily injury. On no other grounds does Wagley complain that the plea was involuntary.
We find no merit to this claim. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for the plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. Only in that event does due process require a judicial finding of significant factual basis for the defendant's plea. State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992); State v. Orozco, 609 So.2d 1043 (La.App. 2d Cir. 1992); State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991). See also, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Regarding the charges of second degree battery, the record discloses the following restatement of facts by the state: "[O]n or about August 31, 2000, Mr. Wagley committed a battery upon his wife ... *119 and beat her with his fist and caused serious injury for which she had to be treated at a hospital." Wagley agreed with this statement when the court inquired of him as to whether or not that had happened and Wagley failed to make any other protestation of innocence. Accordingly, the ascertainment of a factual basis for the plea was unnecessary. Moreover, Wagley's admission that he caused his wife "serious injury," for which she required hospitalization, is an adequate factual basis to support the plea. Therefore, we find this argument to be without merit.

Excessive Sentence
Wagley also urges that in sentencing him to concurrent two and one-half-year hard labor sentences on each offense, the trial court failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1 and imposed excessive sentences.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
Specifically, Wagley complains that the trial court's sole reliance on the presentence investigation report ("PSI") failed to meet the requirements of La. C.Cr.P. art. 894.1. We find Wagley's reliance on the case of State v. Walker, 416 So.2d 534 (La.1982) in support of his argument misplaced.
In Walker, supra, the sentencing judge stated only that he had reviewed the PSI and the information contained therein prior to sentencing Walker. The Louisiana Supreme Court found such a statement to be conclusory and not in compliance with La.C.Cr.P. art. 894.1. Contrarily, in this case, the trial court clearly indicated that it had considered, albeit from the PSI, Wagley's social history, including his family, home, neighborhood, health, and education. Additionally, the court recited Wagley's criminal history on the record and noted that it had considered the victims' statements. The court stated that although Wagley was a first felony offender, he had been charged with other crimes of violence and convicted of simple battery in 1998. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La. App.2d Cir.04/02/97), 691 So.2d 864. Here the court considered the important elements of Wagley's personal history and prior criminal record. Id. Despite the admitted *120 brevity of the comments, we nevertheless, find such articulation to be more than conclusory and in compliance with the requirements of La.C.Cr.P. art. 894.1. Compare, State v. Douglas, 389 So.2d 1263 (La.1980).
Nor do we find the imposed sentences to be excessive. Specifically, Wagley urges that the trial court should have suspended the sentences.[2] However, a suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,004 (La. App.2d Cir.01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96), 672 So.2d 696.
For the crime of second degree battery, Wagley faced a maximum sentence of five years at hard labor and a $2,000 fine. La. R.S. 14:34.1. On each count of theft over $500, Wagley faced maximum sentences of ten years with or without hard labor and a $3,000 fine. La. R.S. 14:67.
For the three charges, Wagley faced a possible twenty-five-year sentencing exposure and fines of $5,000. With the concurrent terms imposed, Wagley instead faces only a two and one-half-year term in prison. We cannot find these sentences to be excessive. Despite his first felony status, the record before us shows that Wagley's disposition toward violence escalated to felony level upon the commission of the present offense upon his wife. Additionally, as the result of the plea agreement, a subsequent resisting arrest charge was dismissed. Moreover, prior to the resolution of these charges, and almost a year later, Wagley persisted in criminal behavior when he took the personal property of two other individuals. In the plea agreement, an original charge of simple burglary was reduced to theft. Considering the obvious benefit that Wagley received from the plea agreements and the imposition of concurrent sentences, his continued propensity toward criminal activity and the harm done to the victims, we cannot say that the imposed sentences are disproportionate to the severity of the offenses nor shock the sense of justice.

Conclusion
For the foregoing reasons, Wagley's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] In docket number 016005, Wagley was charged with one count of theft, La. R.S. 14:67, and one count of simple burglary, La. R.S. 14:62. In docket number 004862, Wagley was charged with one count of second degree battery, La. R.S. 14:34.1, and one count of resisting an officer, La. R.S. 14:108.
[2] Wagley concedes that under La. C.Cr.P. art. 893, the imposition of a suspended sentence for a crime of violence would be improper. However, La. R.S. 14:2(13)(f), which defines second degree battery as a crime of violence, is not included under the provisions of Article 893 which disallows the suspension of sentence for certain crimes of violence.