882 So.2d 724 (2004)
STATE of Louisiana, Appellee
v.
Edgar C. BROOKS, Appellant.
No. 38,963-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
*725 Louisiana Appellate Project by Christopher A. Aberle, Paula Corley Marx, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Edgar C. Brooks, was originally charged with seven counts of possession of a firearm by a convicted felon and one count of illegal possession of stolen things (jewelry and firearms stolen from a house in Doyline). Defendant was later charged by an amended bill of information with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1; illegal possession of stolen things in violation of La. R.S. 14:69(B)(1); and illegal possession of stolen firearms in violation of La. R.S. 14:69.1. Defendant pled guilty to these charges and received the maximum sentence on each charge, a total of twenty-two and a half years. Defendant's guilty pleas are the subject of this appeal. For the reasons set forth herein, Defendant's convictions and sentences are affirmed.

FACTS
On September 8, 2003, Defendant was present in open court with his court-appointed defense counsel. The State noted the original charges against Defendant for the record and submitted that it was willing to allow him to plead guilty to count one, attempted possession of a firearm by a convicted felon, as well as illegal possession of a stolen firearm and illegal possession of stolen things. The State also requested that the sentences be served concurrently with one another.
In response, defense counsel stated that Defendant faced "zero to seven and a half" for possession of a firearm by a convicted *726 felon[1], "zero to ten" for illegal possession of stolen things and "one to five" for illegal possession of stolen firearms. The trial judge repeated each charge and the accompanying sentence range as stated by defense counsel, who confirmed each was correct.
Defendant was sworn and the trial judge questioned him regarding his age, education, understanding of the English language and sobriety. Defendant indicated that he understood the nature of the proceedings and had discussed the matter with his attorney. The trial judge then asked Defendant if the summary of the agreement given in his presence was correct, to which he replied, "Yes, sir." The trial judge ascertained that Defendant understood that, by pleading guilty to these charges, each would be made a part of his record and could be used against him in the future to enhance or increase the charges or penalties for any subsequent charges. The trial judge also duly advised Defendant of his Boykin rights as they relate to each charge  the right to a trial by jury, right of confrontation and against self-incrimination  which Defendant indicated he understood and waived. The trial judge then addressed Defendant and recited each charge and accompanying sentence range. The trial judge asked Defendant if he understood the nature of the charges and the potential jail time which he could incur. Defendant responded that he understood after each charge. The trial judge then informed Defendant that, in accordance with the agreement, the three sentence terms would run concurrent with one another. Defendant again replied that he understood.
During the plea colloquy, the State gave a brief summary of the facts underlying the pleas, describing with particularity each individual charge, the date and parish of transgression (of the crime) and applicable statute governing each charge. Defendant agreed that the facts were substantially correct. Defense counsel also indicated that he believed Defendant understood his rights and desired to freely and voluntarily waive those rights for the purpose of entering the plea.
The trial judge then continued, "All right, Mr. Brooks, under docket number 68,575, illegal possession of a stolen firearm, how do you plead, guilty or not guilty?" Defendant responded, "Guilty." The trial court then stated, "Let a plea of guilty be accepted." No objections were made by the defense. The trial court then ordered Defendant into custody to await sentencing. The clerk stated, "Mr. District Attorney, on that illegal possession of stolen firearms, seven counts  ," to which the district attorney replied, "Yes, ma'am, we'll dismiss counts 2 through 7 or subcounts 2 through 7."
At sentencing, on January 26, 2004, the trial judge reviewed the minutes from the guilty plea proceeding and stated that Defendant pled guilty to an amended bill of information charging him with attempted possession of a firearm by a convicted felon, illegal possession of stolen things and illegal possession of a stolen firearm. The trial judge then sentenced Defendant to the maximum sentence for each charge and ordered that the sentences were to run concurrently.[2]
The State asked for clarification regarding concurrent sentences, and the trial judge stated that the sentences were to *727 run concurrent with each other, as set out in the plea bargain agreement, but consecutive with any parole or probation violation Defendant may have to serve. A motion to reconsider sentence filed on behalf of Defendant was denied. Defendant now appeals.

DISCUSSION
Assignment of Error Number One: As Brooks never tendered a plea to counts one and two, the sentences on those counts must be vacated.
Defendant argues that he only actually pled guilty to count three, illegal possession of a stolen firearm. He contends that the term "illegal possession of a stolen firearm" was used throughout the plea hearing, which was a reference only to count three. He cites La. C. Cr. P. art. 554 and argues that he never affirmatively expressed his desire to plead guilty to counts one and two.
The State argues that Defendant cannot raise this alleged error for the first time on appeal because no contemporaneous objection was made, and it is not an error patent. It contends that Defendant's guilty plea waived all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and that the plea was not constitutionally defective. We agree.
Initially, we note that La. C. Cr. P. art. 554, regarding effect of failure to plead, provides, in pertinent part, that:
A defendant shall plead when arraigned. If he stands mute, refuses to plead, or pleads evasively, a plea of not guilty shall be entered of record....
We find that La. C. Cr. P. art. 554 is inapplicable to the case sub judice. Defendant did not stand mute, refuse to plead or plead evasively.
Regarding guilty pleas generally, courts usually only review guilty pleas to ensure that they were both counseled and voluntary. State v. Gobert, 02-771 (La.App. 3d Cir.11/12/03), 865 So.2d 779. The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993). A valid guilty plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Monroe, 25,825 (La.App.2d Cir.3/30/94), 635 So.2d 481.
What the accused understood is determined in terms of the entire record and not just certain "magic words" used by the trial judge. State v. Strain, 585 So.2d 540 (La.1991) (Emphasis added); State v. Munholland, 34,941 (La.App.2d Cir.10/12/01), 797 So.2d 778, writ denied, 01-3077 (La.9/13/02), 824 So.2d 1185. In Munholland, this court stated:
Everything that appears in the record concerning the predicate offense, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. [State v.] Cadiere, 99-0970 (La.App. 1st Cir.2/18/00), 754 So.2d 294; State v. Lodrigue, 97-1718 (La.App. 1st Cir.5/15/98), 712 So.2d 671. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity and seriousness of the charge. Cadiere, supra. *728 State v. Munholland, supra, 797 So.2d at 782-782.
The defendant in a factually similar case, State v. Paoli, 01-1733 (La.App. 1st Cir.4/11/02), 818 So.2d 795, writ denied, 02-2137 (La.2/21/03), 837 So.2d 628, complained that he was given a single Boykinization for two separate bills of information on predicate offenses and argued that only one guilty plea was entered and it was not addressed to a specific charge. Like the case sub judice, there was no contemporaneous objection made to the method of proceeding with the charges. In response to these arguments, the court in Paoli stated that "[t]he defendant's pleas were not invalid for use ... simply because the court did not give him a separate Boykin hearing on each charge when they were entered on the same day." Paoli, at 798.
A validly entered guilty plea, or plea of nolo contendere, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La.1987).
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841; State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990).
In the case sub judice, Defendant advances an argument similar to that of the defendant in Paoli, supra, i.e., that a single Boykinization was given for multiple offenses; and, thus, only one guilty plea was entered. As previously stated, the court in Paoli concluded that the pleas were not invalid simply because the court did not give a separate Boykin hearing on each charge when they were entered on the same day. Applying the reasoning and factors considered in Paoli to the present case, the same conclusion can easily be reached.
Defendant herein was properly advised of his Boykin rights as they related to each offense and waived them before pleading guilty. The trial judge also properly ascertained that Defendant had the capacity to understand the proceedings and had discussed them with counsel. At the beginning of the hearing, the plea agreement for all three offenses was summarized, and Defendant agreed that the summary of the agreement was correct. The trial judge also informed Defendant of the separate sentence ranges for all three offenses prior to accepting Defendant's plea. The trial judge determined that Defendant understood that, by pleading guilty to the three offenses, they could be used to enhance or increase charges or penalties for any future offense. The State gave a brief summary of the facts underlying the pleas to all three offenses, and Defendant agreed that the facts were substantially correct. Accordingly, although Defendant never used the magic words "I plead guilty" to each charge, it is evident that he was fully informed that he was pleading guilty to three separate charges.
Furthermore, as in Paoli, there was no contemporaneous objection to the method of proceeding with the charges. What the accused understood is determined in terms of the entire record and not just certain "magic words" used by the trial judge. State v. Strain, supra; State v. Munholland, supra (Emphasis added). In summary, the record of the plea colloquy indicates that Defendant understood that he *729 was pleading guilty to all three offenses. Defendant's claim that he only pled guilty to one offense is without merit.
Assignment of Error Number Two: Alternatively, the court should not have accepted Brooks's guilty plea to possession of stolen things because the court was on notice that Brooks's actual guilt of that crime was called into question.
Defendant argues, in the alternative, that the trial judge must ascertain the existence of a "significant factual basis" if a defendant protests his innocence, or if "for some other reason the trial court is put on notice that there is a need for such an inquiry," citing State v. Wagley, 36,277 (La.App.2d Cir.9/18/02), 828 So.2d 116. Defendant asserts that the trial judge was put on notice of the possibility that he may have actually been innocent of count two, possession of stolen things, La. R.S. 14:69(B)(1), which requires that the value of the stolen things be $500 or more. Defendant explains that the State originally charged him in count two of possession of stolen "firearms and jewelry." In the amended bill of information, the State deleted reference to firearms in count two and added count three, which charged Defendant with possession of stolen firearms. At the plea hearing, however, the State recited as a factual basis for count two:
In Count 2, he did intentionally possess jewelry reported stolen from a house in Doyline, as well as firearms and other items, these items having a value of over $500.00 under circumstances which indicate he knew or had good reason to believe that the items were the subject of such offense, contrary to Louisiana Revised Statute 14:69. And in Count 3, did intentionally possess firearms which had been a subject of a robbery or theft under circumstances which indicate that the offender knew or should have known that the firearm was the subject of a robbery or theft or burglary, contrary to Louisiana Revised Statute 14:69.1.
Defendant argues that the State recited a factual basis that would have supported the original count two, but leaves ambiguous the factual basis for amended count two because it is impossible to know whether the value of the jewelry and "other items," exclusive of the firearms, was $500 or greater. Defendant notes the maximum sentence for the offense for stolen items was only two years or six months, depending on the value of the stolen items. Defendant asserts that this situation should have put the trial judge on notice of the possibility that the value of the stolen things may have been less than $500, and the possibility that a lower maximum penalty was applicable. Defendant requests that this court allow him to plead anew to count two.
The State argues that Defendant's guilty pleas were freely and voluntarily made after being made fully aware of the charges in the amended bill of information. The State notes Defendant's own acknowledgment of all three guilty plea convictions in a letter he addressed to the trial court before sentencing. It further observes that no contemporaneous objection was made to the alleged defect in the guilty plea colloquy, nor has the defect been alleged in any written motions prior to this appeal. The State concludes that a reading of the entire guilty plea colloquy shows a factual basis for all three convictions and Defendant's complete awareness of the charges when he pled guilty.
In State v. Wagley, supra, the defendant argued that his second degree battery plea should have been vacated because there was no factual basis on the record to show that the victim received serious bodily injury. The defendant in Wagley did not complain that the plea was involuntary on *730 any other grounds. On appeal, this court found this claim without merit, stating:
When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for the plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. Only in that event does due process require a judicial finding of significant factual basis for the defendant's plea. State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992); State v. Orozco, 609 So.2d 1043 (La.App. 2d Cir.1992); State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991). See also, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Regarding the charges of second degree battery, the record discloses the following restatement of facts by the state: "[O]n or about August 31, 2000, Mr. Wagley committed a battery upon his wife ... and beat her with his fist and caused serious injury for which she had to be treated at a hospital." Wagley agreed with this statement when the court inquired of him as to whether or not that had happened and Wagley failed to make any other protestation of innocence. Accordingly, the ascertainment of a factual basis for the plea was unnecessary. Moreover, Wagley's admission that he caused his wife "serious injury," for which she required hospitalization, is an adequate factual basis to support the plea.
State v. Wagley, supra, cites State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992). In Linear, after the recitation of the factual basis by the state during the guilty plea proceeding, the defendant claimed self-defense and denied that he had the specific intent to kill. The court held that this placed the trial court on notice of the obligation under the due process clause to make a judicial finding of a significant factual basis for the defendant's guilty plea to the charge of attempted second-degree murder.
Both Wagley, supra, and Linear, supra, cite North Carolina v. Alford, supra, which held that, when a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reasons the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. See also State v. Wills, 32,073 (La.App.2d Cir.6/16/99), 740 So.2d 741; State v. Linear, supra.
We find Defendant's reliance on State v. Wagley, supra, to be misplaced. First, the case sub judice does not involve Alford pleas because Defendant did not enter the pleas while protesting his innocence. As such, the trial court was not required under Alford to make a judicial finding of a significant factual basis for Defendant's plea.
Second, the court in State v. Wagley, reiterated the holding in Alford, noting the alternative situation in which "some other reason the trial court is put on notice" would require a judicial finding of a significant factual basis for Defendant's plea, as required by due process. Defendant's argument that the factual basis set forth by the State for count two in this case qualifies as "some other reason the trial court is put on notice that there is a need for such an inquiry" is an illogical (and seemingly reverse) application of the holdings in Wagley and Alford.
We conclude that the factual basis recited by the State for count two during the plea was not so deficient as to put the trial court on notice of Defendant's actual innocence. The factual basis set forth all of *731 the elements necessary for conviction of the crime of possession of stolen things having a value over $500. Defendant agreed that the facts set forth were substantially correct. No contemporaneous objection was made. Accordingly, Defendant has failed to prove that he should be allowed to plead anew to this count.

CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant, Edgar C. Brooks, are affirmed.
AFFIRMED.
NOTES
[1] It is evident that the defense inadvertently omitted reference to "attempt" here.
[2] It is evident that the trial court, again, inadvertently omitted reference to "attempt" in charging Defendant with possession of a firearm by a convicted felon.