944 So.2d 838 (2006)
STATE of Louisiana
v.
Justin D. SAVOIE.
No. KA 06-1005.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2006.
James Edward Beal, Louisiana Appellate Project, Jonesboro, Louisiana, for Defendant/Appellant, Justin D. Savoie.
Mr. Justin D. Savoie, Lafayette Parish Correctional Center, Lafayette, Louisiana, Michael Harson, District Attorney, ADA *839 J.N. Prather, Jr., Lafayette, Louisiana, for Plaintiff/Appellee, State of Louisiana.
Court composed of SYLVIA R. COOKS, MARC T. AMY, and JAMES T. GENOVESE, Judges.
GENOVESE, Judge.
On February 25, 2002, the State of Louisiana (State) filed a bill of information charging the Defendant, Justin D. Savoie, with simple battery, attempted carjacking, and two counts of threatening a public official. On August 24, 2005, the Defendant appeared in court and, pursuant to a plea agreement, entered a plea of no contest to attempted carjacking. The remaining counts were dismissed pursuant to the plea agreement.
In compliance with the plea agreement, the trial court sentenced the Defendant to one year at hard labor, concurrent with any other sentences the Defendant may be serving. The Defendant filed a motion for appeal, and appellate counsel has filed a motion to withdraw, along with an explanatory brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). By letter dated September 12, 2006, this court notified the Defendant of counsel's request to withdraw and advised the Defendant that he had until October 5, 2006 to file a brief. This court has not received an appellate brief from Defendant.

FACTS
At the Defendant's guilty plea hearing, the State recited the facts as follows:
BY MR. PRATHER: All right, Judge. The State[,] should this matter have gone to trial before a jury[,] would have proved the following: that on or about the 30th day of June, 2001, that [Defendant] did wilfully and unlawfully [and] intentionally attempt to take a motor vehicle belonging to a defendant [sic] by the name of Chance Dugas in the presence of Chance Dugas by use of force or intimidation particularly in this case being the [sic] knife in violation of the provisions of [La.R.S.] 14:67.2 and being an attempt it would be under [La.R.S. 14:]27. And this occurred here in Lafayette Parish at the Jet 24 station. That's what the State would have proven.

DISCUSSION
Anders Motion
Appellate counsel has filed a brief stating that he could find no errors on appeal that would support reversal of the conviction or sentence. In Benjamin, the fourth circuit set forth the appropriate analysis for such a brief pursuant to Anders:
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to *840 determine if any ruling provides an arguable basis for appeal.
Benjamin at 531.
Pursuant to Benjamin, we have reviewed the record, including the transcripts, pleadings, and minute entries. The Defendant and his counsel were present at all critical legal proceedings. The Defendant's guilty plea waived all pre-plea, non-jurisdictional defects and, as noted by counsel, the Defendant did not reserve the right to seek review of the trial court's denial of his motion to suppress and motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). Accordingly, these rulings cannot now be challenged by the Defendant. Further, the Defendant benefitted from the plea, as the State dismissed three other counts against him and recommended that he be sentenced to one year at hard labor to run concurrently with any other sentence he was serving. The trial court followed the sentencing recommendation.
Thus, we find no issues that would support an appeal. Therefore, counsel is allowed to withdraw.

DECREE
Defendant's conviction and sentence are affirmed, and counsel is allowed to withdraw.
CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

ORDER
After consideration of defense counsel's request to withdraw as counsel, and the appeal presently pending in the above-captioned matter,
IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.