STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-1109**

STATE OF LOUISIANA

VERSUS

VERNA MAE ST. JULIEN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 05-230145
HONORABLE PAUL J. deMAHY, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED.**

**Alfred F. Boustany, II
Post Office Box 4626
Lafayette, LA   70502
(337) 261-0225
COUNSEL FOR DEFENDANT/APPELLANT:**
    **Verna Mae St. Julien**

**J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA   70560
(337) 369-4420
COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Jeffrey J. Trosclair
Assistant District Attorney
500 Main Street, 5th Floor
Franklin, LA   70538
(337) 828-4100
COUNSEL FOR APPELLEE:**
    **State of Louisiana**

AMY, Judge.

The defendant pled guilty to an amended charge of negligent homicide, a violation of La.R.S. 14:32. The trial court sentenced her to three years at hard labor. The defendant appeals, arguing that the trial court erred in failing to suspend her hard labor sentence and place her on supervised probation with mental health treatment. Further, the defendant contends that the trial court failed to grant a hearing on her motion to reconsider sentences. For the reasons that follow, we affirm.

**Factual and Procedural Background**

The defendant, Verna Mae St. Julien, was charged by bill of indictment with second degree murder in connection with a house fire that caused the death of her son, Felix St. Julien, III. According to the record, the defendant's husband, Felix St. Julien, Jr., returned home from work around 9:30 p.m. on October 27, 2004, and found his children unsupervised. The defendant, whose testimony reveals that she had been visiting with a friend who recently lost her father, returned home between 10:00 and 10:30 that evening. The testimonies of the defendant and her husband indicate that a heated argument ensued between them concerning her whereabouts. The State alleged that the defendant went into her bedroom, lit a candle, and set her bed on fire. She locked the bedroom door, "hollering" at the children to exit the house. The record shows that the couples' three vehicles were then moved. The defendant stated that once she was outside, she realized that Felix St. Julien, III was still inside. The boy, who would have turned ten years old three days after the incident, perished in the fire.

The initial second degree murder charge was amended to negligent homicide, and the defendant entered a guilty plea to the amended charge. The trial court sentenced the defendant to three years at hard labor. The defendant filed a Motion

to Reconsider Sentence, which was denied without a hearing. The defendant appeals, assigning the following errors:

1. The lower court erred in failing to suspend Appellant's hard labor sentence and in failing to place her on supervised probation with mental health treatment; and

2. The lower court erred in failing to grant a hearing on the Appellant's motion to reconsider her sentence.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Assignment of Error No. 1*

The defendant's first assignment of error concerns the trial court's failure to suspend the sentence and its failure to place her on supervised probation to allow mental health treatment.

An argument that a trial court should have suspended an imposed sentence is reviewed under an excessive sentence standard. *See State v. Wagley*, 36,277 (La.App. 2d Cir. 9/18/02), 828 So.2d 116. In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court

2

has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The penalty for negligent homicide is imprisonment with or without hard labor for not more than five years and/or a fine of not more than $5,000.00. La.R.S. 14:32(C).

At her sentencing hearing, the defendant testified that she was enrolled in special education throughout high school. She stated that she was raped at the age of eighteen and subsequently began abusing alcohol. She was treated for alcoholism and depression at several mental health centers.

On cross-examination, the defendant admitted that on the night of the fire, she drank six to eight beers at her friend's house. She stated that she left her children alone while she was gone. Further, she denied setting the fire and, instead, alleged that the police "bribed" her into saying that she intentionally set the bed on fire because she was mad at her husband. She acknowledged, however, that she did not escort her children out of the burning house.

Several witnesses testified that the defendant was a caring, loving, and involved mother. Her mental health records were introduced into evidence, as well as letters from her doctor, deacon, and treating physician at a mental health center, wherein they spoke positively of the defendant.

After considering the testimony and evidence presented, the trial court stated:

All right. In determining the appropriate sentence in this case, I take into consideration the evidence presented here today, as well as, which includes the pre-sentence investigative report, and the testimony

3

and documents presented, as well as the sentencing guidelines provided by the Code of Criminal Procedure Article 894.1. Considering the aggravating circumstances, the defendant knew that she knowingly created a risk of death or great bodily harm to more than one person. There [was] a house full of children that she set afire. The offense resulted in a significant—resulted in the death of the victim. Of course, that's the nature of the crime. The one aggravating circumstance that I mentioned is the only one that— which is listed that seems to fit in this case.

I take into account the fact that she has no criminal record, which is a mitigating circumstance. I take into account that she voluntarily participated in substance abuse treatment; that imposition of a penitentiary sentence would be a hardship on her other children. But one of the important factors is that the sentence, I feel that a suspended sentence would deprecate the seriousness of the defendant's crime.

Considering all of these things, based [sic] the plea of guilty, I sentence Verna Mae St. Julien to serve three (3) years at hard labor with the Department of Public Safety and Corrections. I give her credit for all time served since her arrest.

In her Motion to Reconsider Sentence, the defendant asserted that she "is the mother of four children who live with her and her husband, Felix St. Julien. Her children are 15 years old, 14 years old, 6 years old and 2 years old. She and Felix St. Julien provide the only source of care and support for the children." She continued, explaining that at her sentencing hearing her husband's health deteriorated and he was taken to the hospital via an ambulance. The defendant claimed that she subsequently learned that he most likely suffered a stroke, and she contended that his disability and her incarceration would leave no one to care for the children. In the motion, she also urged the court to consider the following mitigating factors:

[She] did not contemplate that her criminal conduct would cause or threaten serious harm to her child; she has no prior history of prior delinquency or criminal activity and has led a law abiding life for a substantial period of time before the commission of the instant crime; her criminal conduct was the result of circumstances unlikely to recur; her character and attitudes indicate that she is unlikely to commit another crime; she is particularly likely to respond affirmatively to

4

probationary treatment; and her imprisonment would entail excessive hardship to her, her children, and her husband.

The defendant, on appeal, argues that the trial court erred by not suspending her sentence and imposing either court-approved community service or home incarceration. In support of this contention, she states that she pleaded guilty to a non-intentional crime, that no risk of committing another crime exists as evidenced by her character and good criminal record, that she needs mental treatment not incarceration, and that "she will suffer the rest of her life with the burden of what she did to herself and her family." For statutory support, the defendant relies on La.Code Crim.P. art. 893.5, which provides in pertinent part:

A. Except as otherwise prohibited by law, the court may suspend, in whole or in part, the imposition or execution of sentence if:

(1) The defendant has not previously been convicted of a felony.

(2) The maximum term of imprisonment for the offense is thirty years or less.

(3) The court imposes a period of court-approved community service of not less than two nor more than five years.

(4) The court specifies in written form in the court record the reason for the imposition of community service in lieu of imprisonment.

Insofar as satisfaction of this article's requirements does not grant automatic suspension of sentence, we note La.Code Crim.P. art. 893.5 permits the trial court to use its discretion in determining whether to suspend the imposition or execution of sentence. Accordingly, our review entails an evaluation of whether the trial court abused its discretion.

By the defendant's own admission, she drank six to eight beers before returning home on the night of the fire. She acknowledged that she could not recall some of the events that evening and conceded that she moved her vehicles instead of

5

escorting her children out of the house. She stated, "when you're drinking, your mind doesn't work right." The St. Martin Parish Sheriff's Office investigative report which was made part of the pre-sentence investigation report, indicated that the defendant admitted to lighting the mattress on fire in her bedroom because she was mad at her husband for hitting her in the face.

The trial court considered the mitigating factors, namely her lack of a criminal record, her voluntary participation in substance abuse treatment, and the hardship on the children. While the defendant argues that her husband's sudden illness was a mitigating factor that the trial court did not consider at the time of her sentencing hearing, we find that the trial court sufficiently evaluated the effect her incarceration would have on her family. Further, the defendant pled guilty to an amended charge that resulted in significantly less onerous consequences. Accordingly, the trial court did not err in sentencing the defendant to three years at hard labor, and this assignment of error is without merit.

*Assignment of Error No. 2*

In her second assignment of error, the defendant alleges that the trial court erred in failing to grant a hearing on her Motion to Reconsider Sentence. Louisiana Code of Criminal Procedure Article 881.1(D) states:

> The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion.

Accordingly, the trial court's denial of a hearing was discretionary, and we find no abuse of discretion in this case. *See State v. Hughes*, 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 9/24/04), 882 So.2d 1165.

## DECREE

For the foregoing reasons, the defendant's sentence for negligent homicide is affirmed.

**AFFIRMED.**