STATE OF LOUISIANA
v.
BRADLEY MOSS.
No. 08-1291.
Court of Appeals of Louisiana, Third Circuit.
June 3, 2009.
Not for Publication
JOHN F. DeROSIER, District Attorney, DAVID PALAY, Assistant District Attorney, Counsel for Appellee: State of Louisiana.
EDWARD BAUMAN, Louisiana Appellate Project Counsel for Defendant-Appellant: Bradley Moss.
Court composed of COOKS, PICKETT, and EZELL, Judges.
COOKS, Judge.
Defendant, Bradley Moss, was charged by bill of information with the offenses of: 1) possession of CDS II, methamphetamine, a violation of La.R.S. 40:967; 2) possession of drug paraphernalia, a violation of La.R.S. 40:1023; 3) illegal carrying of a weapon, a violation of La.R.S. 14:95; and 4) public intimidation, a violation of La.R.S. 14:122. Defendant was also charged in several other docket numbers with unrelated crimes, including a felony theft charge, aggravated criminal damage, criminal mischief, felony possession of stolen things, simple rape, sexual battery, felony simple criminal damage to property, and an unspecified drug charge. Defendant entered a plea of not guilty to all charges.
During the course of jury selection and empaneling, the parties reached a plea agreement, by which Defendant pled no contest to one count of possession of methamphetamine, a Schedule II drug, in violation of La.R.S. 40:967, committed in Calcasieu Parish on July 24, 2006. The remaining counts were dismissed, along with those in the unrelated docket numbers.
Defendant and the State agreed to a deferred sentence, under La.Code Crim.P. art. 893, and the Defendant was Boykinized, pled no contest, and was sentenced to one year supervised probation and one year unsupervised probation, with general and special conditions, in conformity with the agreement.
From this judgment by the trial court, the Defendant now seeks this appeal, alleging two (2) assignments of error. We also note Defendant has filed a pro se brief in the case, alleging four (4) assignments of error, along with a "response" to the State's brief in the matter, which contained three (3) claims, which are duplicative of his original assignments of error.
Pursuant to an Order of this court dated September 16, 2008, the trial court held an evidentiary hearing on September 19, 2008, at which time the trial court ordered that Defendant be provided the assistance of counsel on appeal. Subsequently, the Louisiana Appellate Project was appointed to represent Defendant in the matter before this court.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in accepting his no contest plea to the charge of possession of methamphetamine. This contention has no merit.
In brief, Defendant asserts the trial court erred in failing to ascertain a "significant factual basis" for the no contest plea and this alleged error warrants vacating the conviction and sentence. Specifically, Defendant notes, during the plea colloquy, his attorney opined that the State somehow "shredded" the consent to search form, purportedly signed by the Defendant and forming the basis for the search of the truck in which narcotics residue was found by the police.
As noted previously by this court:
Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilty, or plea of nolo contendere. State v. Brooks, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea." State v. Linear, 600 So.2d 113, 115 (La.App. 2 Cir.1992); See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of nolo contendre alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, writ denied, 00-1175 (La. 3/16/01), 786 So.2d 745; State v. Guffey, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, writ denied, 95-973 (La. 9/22/95), 660 So.2d 469. Citing Alford, the Louisiana Supreme Court has stated:
Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a bona fide Alford plea the record "before the judge [must] contain [ ] strong evidence of actual guilt," the standard under Alford is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]."

State v. Orman, 97-2089, pp. 1-2 (La. 1/9/98), 704 So.2d 245, 245 (citations omitted).
State v. Johnson, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950-51.
At Defendant's plea colloquy, the State offered it "would show that on July 24, 2006, Bradley Moss possessed methamphetamine within the confines of Calcasieu Parish without legal authority to do so." The trial court then asked Defendant if he was "contesting those facts," to which the Defendant replied only "no contest."
Defendant did not protest his innocence nor say anything during the plea proceeding which would have placed the trial court on notice that a more detailed factual basis was required. Defendant focuses on the statement made by defense counsel that there was only a small amount of narcotics residue found in the truck, that the consent to search form was accidently "shredded" by the "narcotics people" and that, had counsel asked for an "independent test," "there wouldn't be any drugs to introduce."
Contrary to the assertions of Defendant, these statements did not constitute a claim of innocence to the charges. Indeed, they are clearly an admission to the offense, with further comments seeking to mitigate the crime by pointing to the small amount of narcotics allegedly involved and the procedural error made by the State.
Further, Defendant does not either contend or prove that the original drug sample was not tested and identified by the State, which would have fully supported conviction at trial, regardless of whether the defense requested or conducted an independent test of the materials. Likewise, Defendant does not show the consent form was necessary to the State's case and that the trial court should not have accepted his plea due to this error by investigators.
Accordingly, Defendant failed to prove the trial court erred in accepting his no contest plea to the remaining charge or that the factual basis thereon was inadequate.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, Defendant contends his trial attorney was ineffective in permitting Defendant to enter his no contest plea. This claim is meritless.
As noted, defense counsel informed the court regarding the small amount of narcotics involved and the fact that the consent form was shredded. Defendant now alleges his attorney improperly advised him to plead guilty because of these alleged flaws in the State's case.
The standard for judging whether counsel's performance was deficient and whether such a claim should be entertained on appeal was stated by this court, as follows:
Although defendant has assigned as error ineffective assistance of counsel, this claim is properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered. Accordingly, we will address defendant's claim of ineffective assistance of counsel.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Strickland, 466 U.S. 668, 104 S.Ct. 2052.
It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.), writ denied, 457 So.2d 1200 (La.1984). A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test; if the accused's claim fails to satisfy one, the reviewing court need not address the other. State v. James, 555 So.2d 519 (La.App. 4 Cir.1989), writ denied, 59 So.2d 1374 (La.1990).
State v. James, 95-962, pp. 4-5, (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 464-65.
There is sufficient evidence in the available record to address Defendant's claim and the record is clear his trial attorney was not ineffective. Defendant was charged with a multitude of felony offenses, in several docket numbers. Counsel was actively engaged in trial preparation and was involved in jury selection on the day of trial, when Defendant decided to change his plea from not guilty to no contest.
Counsel was able to secure a highly favorable plea agreement, whereby these multiple felony counts were dismissed outright and Defendant was not required to serve any additional jail time for the remaining offense. Defendant was only required to serve one year of supervised probation and one year unsupervised probation for an offense which could have resulted in a sentence of two to five years at hard labor and a fine of $5,000.00. See La.R.S. 40:967 C(1).
Accordingly, Defendant has failed to prove his trial attorney was ineffective in his representation of Defendant in this case or that Defendant was prejudiced in any manner by counsel's actions.

DEFENDANT'S PRO SE ASSIGNMENTS OF ERROR
Defendant submitted a number ofpro se assignments of error to this court. We have reviewed these contentions together and find they are either abandoned due to failure to brief or are meritless.
Defendant first alleges the trial judge committed "judicial misconduct" at the Defendant's preliminary examination. No further details are given and the issue is not briefed. Accordingly, this issue is deemed abandoned. See Uniform Rules  Courts of Appeal, Rule 2-12.4.
Defendant also alleges the trial court erred in finding probable cause to hold him over for trial during the preliminary examination. However, by pleading no contest to the charges, Defendant waived all non-jurisdictional, pre-plea defects, including the right to contest the State's evidence. See State v. Savoie, 06-1005 (La.App. 3 Cir. 12/6/06), 944 So.2d 838. Accordingly, this contention lacks merit.
Defendant further argues the trial judge improperly ordered the jury be kept from the courtroom "so trial would not start on June 18, 2008." Defendant did not elaborate on this claim and fails to brief the issue. Accordingly, it is abandoned. See Uniform Rules  Courts of Appeal, Rule 2-12.4.
Defendant next asserts the trial judge "should not have accepted the plea of no contest." Defendant alleges pressure to accept the plea bargain, threats of a "maximum sentence" and the unsupported allegation that the judge "withheld" the jury.
Defendant's attorney stated at the time Defendant was "doing this freely and voluntarily and he is certainly competent and intelligent enough to understand what's going on and what the consequences would be." Further, the court asked Defendant if he had been "induced to plead no contest or sign this statement by any threats, pressure or force," to which the Defendant replied "no sir." Finally, the court asked Defendant if his "actions were entirely free and voluntarily [sic]," to which the Defendant replied "yes sir." Given the clear record in this case, Defendant's plea was entered freely and voluntarily and Defendant's contrary assertion has no merit.
In a supplemental brief to this court, in claims 1 and 3, Defendant alleges the trial court should not have accepted the plea because of the error in shredding the consent to search form. As previously stated, this error did not render the plea involuntary, nor did it indicate to the trial court there was any reason he should not have accepted the plea. Defendant waived any such errors by pleading no contest and the trial judge had sufficient facts before him to conclude there was a valid basis for the plea. Accordingly, this contention has no merit.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are three errors patent.
In this case, there was a misjoinder of offenses in the bill of information. The bill of information charged Defendant with four separate counts: 1) possession of CDS II, methamphetamine, a violation of La.R.S. 40:967(C); 2) possession of drug paraphernalia, a violation of La.R.S. 40:1023(C); 3) illegal carrying of a weapon, a violation of La.R.S. 14:95; and 4) public intimidation, a violation of La.R.S. 14:122.
Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances if the offenses joined are triable by the same mode of trial. In the present case, counts one and four are punishable with or without hard labor and are triable by a six-person jury, all of whom must concur. Counts two and three are misdemeanors and are triable by a judge without a jury. La.Code Crim.P. art. 779. Therefore, counts one and four were improperly joined with counts two and three.
However, Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495. Additionally, by entering an unqualified no contest plea, Defendant waived review of this non-jurisdictional pre-plea defect. See State v. Crosby, 338 So.2d 584 (La.1976). Thus, this error is precluded from review on appeal.
Next, the bill of information cites the wrong citation for possession of drug paraphernalia. The bill of information provides it is a violation of La.R.S. 40:1033(C), whereas the proper citation is La.R.S. 40:1023(C). The erroneous citation of a statute in the charging instrument is harmless error as long as the error does not mislead the defendant to his prejudice. La.Code Crim.P. art. 464.
In the present case, Defendant has not alleged any prejudice because of the erroneous citation; therefore, any error is harmless. Additionally, by entering an unqualified plea, Defendant waived review of this non-jurisdictional pre-plea defect. See Crosby, 338 So.2d 584. Accordingly, this error is precluded from review.
There is an error patent regarding the payment of the fine and the court costs. When the fine and court costs are imposed as conditions of probation, but the trial court is silent as to the mode of payment, we have required a specific payment plan be established. See State v. Wagner, 07-128 (La.App. 3 Cir. 11/5/08), 996 So.2d 1208. As a condition of Defendant's probation, the trial court ordered him to pay a five hundred dollar fine, plus court costs. However, the trial court failed to establish a payment plan. Therefore, this case is remanded to the trial court for establishment of a payment plan for the fine and court costs, noting that the plans may either be determined by the trial court or by Probation and Parole, with approval by the trial court. See State v. Stevens, 06-818 (La.App. 3 Cir. 1/31/07) 949 So.2d 597.

DECREE
For the foregoing reasons, Defendant's conviction and sentence are affirmed. The case is remanded to the trial court for establishment of payment plans for the fine and court costs, noting that the plans may either be determined by the trial court or by Probation and Parole, with approval by the trial court. See State v. Stevens, 06-818 (La.App. 3 Cir. 1/31/07) 949 So.2d 597.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.